WHITE CO. *v.* LeCLAIR

1. WITNESSES — LICENSES — ARCHITECTS — EXPERT WITNESSES — QUALIFICATION.

   Testimony by an unlicensed architect identifying variant construction plans and cost estimates did not constitute the practice of architecture in violation of the licensing statute relating to that profession because the express purpose of the licensing statute is to safeguard public life, health and property, not to protect the court against misleading or unqualified testimony.

2. WITNESSES — EXPERT WITNESS — LICENSES — ARCHITECTS — CROSS-EXAMINATION.

   Refusal to permit cross-examination of an unlicensed architect regarding whether he had taken the required licensing examination and, if so, what was the result, was not reversible error where the jury was informed that the witness was a graduate of a major architectural school and yet was not a licensed architect, since the inference most likely drawn by the jury from these facts and the limited cross-examination allowed was that the witness's failure to become licensed was due to his inability to pass the state licensing examination, and a more damaging inference could not have been brought out if the question had been directly asked and answered.

Appeal from Macomb, Edward J. Gallagher, J. Submitted Division 2 June 3, 1970, at Detroit. (Docket No. 4,874.) Decided July 30, 1970.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 13 Am Jur 2d, Building and Construction Contracts § 125.
58 Am Jur, Witnesses § 834 *et seq.*

Complaint by W. W. White Company against William LeClair and Ruth A. LeClair, for payment on a construction contract. Counterclaim by defendants to recover for losses sustained during performance of the contract. Verdict and judgment awarding plaintiff amount due on the contract and awarding defendants damages in excess of the amount due on the contract. Plaintiff appeals. Affirmed.

*Gerald Curtis,* for plaintiff.

*Johnson & Wendt,* for defendants.

Before: J. H. GILLIS, P. J., and LEVIN and BORRADAILE,* JJ.

PER CURIAM. Plaintiff, W. W. White Company, appeals the trial court's decision permitting an unlicensed architect to identify variant construction plans and cost estimates for the purpose of having them introduced into evidence at trial. Plaintiff alleges that such conduct constitutes the practice of architecture in violation of the state licensing statute of that profession. MCLA § 338.552 [Stat Ann 1970 Cum Supp § 18.84(2)]. Robert Edge is a graduate architect of an accredited university with 17 years experience in blueprint and cost compilation analysis. This experience competently qualified Mr. Edge's testimony to the variance between planned and actual construction of the bowling alley addition. *Rucker* v. *Wyandotte Savings Bank* (1967), 6 Mich App 195; 32 CJS, Evidence, § 546(73), pp 289, 290.

The principal issue presented on appeal is whether Mr. Edge's testimony is the practice of architecture

---

* Circuit judge, sitting on the Court of Appeals by assignment.

within the meaning of the statute. We think not. The express purpose of the statute is to safeguard public life, health and property. MCLA § 338.551, *supra*. It is not the intent of this licensing statute to protect the court against misleading or unqualified testimony. It is specious to argue that Mr. Edge must be a validly licensed architect to offer testimony identifying the construction plans in question. His testimony was properly taken. *Perri* v. *Tassie* (1940), 293 Mich 464; *Accetola* v. *Hood* (1967), 7 Mich App 83; *Coles* v. *Galloway* (1967), 7 Mich App 93.

The second question presented by appellant is whether he should have been allowed to ask Mr. Edge on cross-examination whether he had taken the required examination for licensing and, if so, what was the result. The jury was informed that the witness was a graduate of a major architectural school and yet was not a licensed architect. The inference most likely drawn by the jury from these facts and the limited cross-examination allowed was that his failure to become licensed was due to his inability to pass the examination. A more damaging inference could not have been brought out if the question had been directly asked and answered. The trial court's refusal to allow the question was not reversible error.

Affirmed. Costs to appellees.