BOURKE v NORTH RIVER INSURANCE COMPANY

Docket No. 56577. Submitted May 11, 1982, at Lansing.—Decided June 23, 1982.

Edward Bourke and Arlene Bourke owned a one-story cement block building which was damaged when a truck backed into it. The Bourkes claimed that the damages amounted to $50,000, as estimated by a professional engineer. North River Insurance Company, insurer of the building, contended that damages did not exceed $550. The Bourkes filed suit against North River in Genesee Circuit Court in an attempt to recover the amount of damages to which they felt they were entitled. North River moved for accelerated judgment on the ground that the 12-month period of limitation in which suit must be commenced had expired. The court, Philip C. Elliott, J., denied defendant's motion, finding that the insurer's denial of liability had not been sufficiently formal to end the tolling of the period of limitation and that therefore the period of limitation had not yet run. At trial, the jury returned a verdict of $800 in favor of plaintiffs. Plaintiffs appealed and defendants cross-appealed. *Held:*

1. The trial court erred in allowing defense counsel to read to the jury portions of the statute regarding registration of professional engineers. The error was harmless, however, since the overwhelming weight of evidence was in favor of defendant's claim that the damage was slight.

2. A statement made by defense counsel in his closing argument was not so inherently prejudicial that any prejudice resulting therefrom could not have been removed by a curative instruction. Plaintiffs' failure to object to the statement at trial precludes any objection on appeal.

3. The trial court did not err in refusing to grant defendant's motion for accelerated judgment. Something more than a ver-

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error §§ 548, 624-627.
[2, 3] 44 Am Jur 2d, Insurance §§ 1883, 1884, 1890.
   51 Am Jur 2d, Limitation of Actions § 142.
[4, 5] 27 Am Jur 2d, Equity § 152.
[5] 61A Am Jur 2d, Pleading § 230 *et seq.*

bal denial of liability by an adjuster in the field is necessary before the denial will be deemed formal enough to end the tolling of the period of limitation.

4. The trial court correctly denied accelerated judgment based on laches.

Affirmed.

1. TRIAL — PROSECUTORIAL COMMENT — PRESERVING QUESTION.

Failure to object to remarks made in closing argument at trial waives the objection unless the remarks are so prejudicial they could not have been cured by a curative instruction.

2. INSURANCE — FIRE INSURANCE — ACTION ON POLICY — LIMITATION OF ACTIONS.

The contractual 12-month period of limitation in which to bring suit on a standard fire insurance policy begins to run from the date of the loss, but the running of the period is tolled from the time the insured gives notice of the loss until the insurer formally denies liability (MCL 500.2832; MSA 24.12832).

3. INSURANCE — LIMITATION OF ACTIONS — DENIAL OF LIABILITY.

An insurer's denial of liability under the terms of a standard fire insurance policy is not sufficiently formal to allow the running of the 12-month period of limitation within which an insured must bring suit where the only communication from the insurer is a verbal denial of liability by an adjuster in the field.

4. EQUITY — LACHES — DEFENSES.

Laches is an affirmative defense which depends not on the mere lapse of time but principally on there being intervening circumstances which would render inequitable any grant of relief to a dilatory plaintiff.

5. JUDGMENTS — ACCELERATED JUDGMENTS — LACHES — COURT RULES.

Laches is not a proper ground for accelerated judgment (GCR 1963, 116.1[5]).

*Donnelly W. Hadden, P.C.* (by *Donnelly W. Hadden* and *Patricia A. Streeter),* for plaintiffs.

*Smith & Brooker, P.C.* (by *Philip D. Swan),* for defendant.

Before: ALLEN, P.J., and CYNAR and C. J. FALA-
HEE,* JJ.

PER CURIAM. This action involves a dispute be-
tween plaintiffs, owners of a one-story cement
block building, and defendant, insurer of the build-
ing, over the amount of damages sustained to the
building and its contents, incurred when a truck
owned by Morgan Building Products, Inc., backed
into the building on December 29, 1975. Plaintiffs'
bill of complaint, filed against defendant on May
16, 1979, claimed damages to the building of $45,-
000 plus damages to the contents exceeding $5,000.
Defendant contended that damages did not
amount to more than $550.

Prior to trial, defendant insurer moved for accel-
erated judgment on grounds that the 12-month
period of limitation for commencing suit set forth
in the insurance policy and in MCL 500.2832; MSA
24.12832 had been exceeded. The motion was de-
nied in a written opinion of the trial court dated
October 22, 1980. In this opinion, the trial court
concluded that the one-year period of limitation
continued to be tolled because, in the absence of a
letter or instrument in writing, North River's
denial of plaintiffs' claim was not sufficiently "for-
mal" as required under the statute.

Trial by jury commenced on January 8, 1981,
and at the conclusion of proofs, the jury returned
a verdict of $800 in favor of plaintiffs. From this
verdict plaintiffs appeal of right, claiming the jury
was prejudiced against plaintiffs' expert witness,
an engineer, by reason of (1) a trial court ruling
that defense counsel might read to the jury por-
tions of the statute regarding registration of pro-
fessional engineers and (2) defense counsel's dis-

* Circuit judge, sitting on the Court of Appeals by assignment.

paraging remarks during closing argument regarding plaintiffs' expert witness. But for these errors, plaintiffs assert, the verdict would have been substantially higher.

On cross-appeal, defendant insurer argues that plaintiffs are not even entitled to the award of $800, since the trial court erred in concluding that the one-year period of limitations was tolled by defendant insurer's failure to deny liability in writing. We discuss the competing claims separately.

I. *Plaintiffs' Appeal.*

Plaintiffs' principal witness as to the amount of damage to the building and its contents was William J. Wiemer, who testified that the cost of repairing the building would be $45,000 as of 1981. He explained that he was a professional construction consultant with a degree in civil engineering. On voir dire, defense counsel established that Wiemer was not a licensed professional engineer. Following an exchange between the witness and defense counsel as to the propriety of the witness's performing engineering services while not licensed, the jury was excused and, out of the jury's presence, defense counsel asked that the trial court take judicial notice of the provisions of MCL 338.551; MSA 18.84(1) and MCL 338.552(c)(d); MSA 18.84(2)(c)(d), regarding the licensing of professional engineers.

Defense counsel contended that, based on the statute, the witness should not be allowed to testify. The trial court rejected the argument and allowed the witness to testify. When the jury returned, the trial court gave the following instruction:

"*The Court:* All right, I think everthing has been

noted on the record and subject to that, we will continue. I have considered a statute that you will become aware of during the cross-examination on this witness and decided that I am going to permit him to express opinions, although he is not a registered professional engineer and his opinions may be on a subject that only registered professional engineers are authorized in this state to consider; but the fact that he's not registered is something that you can consider in determining how much value you are going to give to his testimony. I am not going to prevent you from hearing it."

After cross-examination of Mr. Wiemer, defense counsel read a portion of the statute. Plaintiff objected to this procedure because "this is a question of law and it should be included in the instructions of the jury, if applicable and not read by one of the dissipants *[sic]* to the litigation."

Contrary to plaintiffs' claim on appeal, the trial court did not take judicial notice of the statute. However, that is not the relevant issue. The relevant issue is whether the trial court erred in allowing counsel to read the statutory provisions to the jury. The trial court did not err in allowing the witness to express an opinion as to damages, even though the witness was not a licensed engineer. *White Co v LeClair,* 25 Mich App 562; 181 NW2d 790 (1970). As noted by the trial court, the lack of a license did not require exclusion of the testimony but merely affected the weight to be given to it. *George v Harrison Twp,* 44 Mich App 357; 205 NW2d 254 (1973).

Since Wiemer was plaintiffs' witness, defense counsel was clearly entitled to show that he lacked a license in order to discredit the witness's qualifications. This was accomplished by asking Wiemer whether he was licensed. Wiemer's reply that he was not licensed should have ended the matter. Allowing counsel to read the statute to the jury

introduced a non-relevant issue, *viz.:* whether Wiemer was violating the statute by examining the building. That issue was not before the jury and suggested that Wiemer was breaking the law. MRE 402 requires that any evidence presented must meet the threshold requirement of relevance. The relevant issue was Wiemer's qualifications, not whether he was violating a statute. Thus, the trial court erred in allowing counsel to read the statute to the jury.

Nevertheless, we find the error harmless. The overwhelming weight of the evidence was in favor of defendant's claim that the damage was slight. The many exhibits introduced by defendant, particularly the photographs, indicated that little damage was done. Since the testimony clearly disclosed that the area of impact was only slightly damaged, it is difficult to conceive how the structural damage to the building could amount to the figures recited by the witness. Exhibit QQ, a photograph of the inside of the northwest corner bedroom taken five years after the truck struck the building on the northwest corner showed the ceiling still in alignment and no leakage. Accordingly, under GCR 1963, 529.1, we find the error harmless.

Plaintiffs claim that certain remarks by defense counsel in closing argument denied plaintiffs a fair trial. No objection was made to defense counsel's statements. Failure to object waives the objection unless the statement is so prejudicial that it could not be cured by a curative instruction. *Taliaferro v Pere Marquette R Co,* 249 Mich 281, 287; 228 NW 778 (1930), *Kujawski v Boyne Mountain Lodge, Inc,* 379 Mich 381, 385; 151 NW2d 794 (1967). We have carefully reviewed the transcript of the closing argument and conclude that the statement was

not so inherently prejudicial that any prejudice resulting therefrom could not have been removed by a curative instruction. Unlike the situation in *Kern v St Luke's Hospital Ass'n of Saginaw,* 404 Mich 339; 273 NW2d 75 (1978), cited in plaintiffs' brief, the statement was not repetitive and did not reflect a studied attempt to prejudice the jury. The single reference made in the jury's presence to Wiemer's violation of the statute came after almost 30 pages of closing argument.[1] Clearly, objection and a request for a curative instruction would have cured any harm caused by defense counsel's remarks.

II. *Defendant's Cross-Appeal.*

North River Insurance Company's policy contained the standard provisions required by MCL 500.2832; MSA 24.12832, including the following:

"No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and *unless commenced within twelve months next after inception of the loss."*

In *Ford Motor Co v Lumbermens Mutual Casualty Co,* 413 Mich 22; 319 NW2d 320 (1982), the Court construed this statutory provision as inclusive of a tolling provision. The Court described the operation of the tolling provision as follows:

"The period of limitation begins to run from the date of the loss, but the running of the period is tolled from the time the insured gives notice until the insurer *formally* denies liability." *Id.,* 38.

---

[1] Plaintiffs' brief refers to a second comment by defense counsel regarding the witness's violation of the statute. That comment, however, was made outside the presence of the jury.

The decision in *Ford Motor Co* was based in part upon an earlier decision in *Tom Thomas Organization, Inc v Reliance Ins Co,* 396 Mich 588; 242 NW2d 396 (1976). *Tom Thomas* follows the rule set forth in *Peloso v Hartford Fire Ins Co,* 56 NJ 514; 267 A2d 498 (1970), which states:

"The fair resolution of the statutory incongruity is to allow the period of limitation to run from the date of the casualty but to toll it from the time an insured gives notice until liability is *formally* declined." (Emphasis supplied.)

Thus, the issue in the instant case involves how formal an insurer's denial must be in order to constitute a "formal denial". The issue appears to be of first impression. It is undisputed that within a few days of the accident in the instant case, plaintiffs made claims against both Travelers Insurance Company, the no-fault insurer of Morgan Building Products, Inc., whose truck struck the building, and North River Insurance Company. Both insurance companies estimated the damage at $550, but plaintiffs asked damages in excess of that amount. On June 2, 1976, Mrs. Bourke and William O'Neill, claims manager for defendant North River Insurance Company, met at the building site. O'Neill informed Mrs. Bourke that $500 was all his company would offer (there being a $50 deductible) and, if she declined the offer, she could follow whatever course was available to her.

On June 15, 1976, Mrs. Bourke wrote the Commissioner of Insurance, stating in relevant part:

"My insurance company advised me verbally and I asked them to put it in writing as they said they did not have to submit to arbitration and they were told to read my policy and then put it in writing. They will

not. * * * Then they said they would not agree to accept the decision of arbitration and I would have to take them to court anyway. I said put it in writing. June 15 and no letter. * * *

"* * * I would like some action brought upon this Company by your Bureau. And it has to be immediate due to the Critical Structural Peril and due to their clause that I must commence an action on this policy or suit within 12 months."

Defendant had no further contact with plaintiffs until served with process in the instant case in August, 1979. In the interim period between June, 1976, and August, 1979, plaintiffs filed a complaint against Morgan Building Products, Inc., only, on November 29, 1977. North River Insurance and Travelers Insurance were not named as codefendants until the filing of plaintiffs' third amended complaint on May 16, 1979. However, Morgan Building Products, Inc., and its insurer, Travelers Insurance Company, were dismissed upon motion for accelerated judgment, due to the plaintiffs' failure to commence suit as to them within the one-year period prescribed in § 500.3145; MSA 24.13145 of the no-fault act. Unlike defendant in the instant case, Travelers had sent a letter which plaintiffs received on June 8, 1976, stating that it would not increase its offer, would not submit the claim to arbitration, and that plaintiffs' remedy was in a court of law.

North River Insurance Company's motion for accelerated judgment, referred to earlier in this opinion, was denied by the trial court in its written opinion on October 22, 1980, on the basis that the 12-month period of limitation continued to be tolled.

"First, a 'formal' denial must be written. The New Jersey case cited in *Tom Thomas* is *Pelso [sic] v Hart-*

*ford Fire Ins Co,* 56 NJ 514; 267 A2d 498 (1970). The New Jersey court said in that case that the limitation period 'did not begin to run until * * * plaintiffs were notified *in writing* that liability was denied.' (Emphasis added.) Moreover, Mrs. Bourke's letter shows that she asked for a written statement of the insurer's position and never received one. That is an additional reason why the *formal* denial should have been written in this case. The written denial must also be explicit and definite."

The court distinguished its grant of summary judgment in favor of Travelers on grounds that Travelers had sent a written letter which was definite and explicit and, therefore, was considered by the court to be a "formal denial of liability".

Given the above facts, was plaintiffs' claim "formally denied" as that term is used in *Tom Thomas, supra?* We think not. We would not go so far as to agree with the trial court that a formal denial must *always* be in writing. For example, a verbal rejection of a claim following a conference between the claimant and the company president or ranking officers might well constitute a formal denial. However, we do agree with the trial court that something more than a verbal denial by a single adjuster is required. This is particularly so where, as here, the claimant asks for a denial in writing. Travelers Insurance Company had no difficulty in furnishing claimants a denial on a corporate letterhead. We agree with defendant that the purpose of the tolling provision is to give the insured a full 12 months in which to bring a claim. We also agree that this purpose was clearly fulfilled in the present case. Nevertheless, use of the term "formal" in *Tom Thomas* and *Ford Motor Co* implies something more than a verbal denial by an adjuster in the field. Accordingly, we conclude that, based on the narrow facts in this case, the

trial court did not err in refusing to grant defendant's motion for accelerated judgment.

Finally, we reject defendant's claim that even if the 12-month period of limitation was tolled, plaintiffs are barred by laches from taking advantage thereof. Laches is an affirmative defense which depends not on the mere lapse of time but principally on there being intervening circumstances which would render inequitable any grant of relief to a dilatory plaintiff. *Lewis v Poel,* 376 Mich 167, 169; 136 NW2d 7 (1965), *Root v Republic Ins Co,* 82 Mich App 446; 266 NW2d 842 (1978).

However, laches is not a proper ground for accelerated judgment. *Quarderer v Shiawassee County Drain Comm'r,* 82 Mich App 692; 267 NW2d 151 (1978), GCR 1963, 116.1(5). Therefore, the trial court correctly denied accelerated judgment based on such ground.

Affirmed. No costs, neither party having prevailed in full.