HAMDI v MICHIGAN BASIC PROPERTY INSURANCE
ASSOCIATION

Docket No. 127587. Submitted February 20, 1991, at Detroit. Decided
July 22, 1991, at 9:10 A.M.

Abdelhamid Hamdi brought an action in the Wayne Circuit
Court against Michigan Basic Property Insurance Association,
seeking proceeds of a standard fire insurance policy. The court,
Samuel A. Turner, J., granted summary disposition for the
defendant, ruling that the action was barred by MCL 500.2832;
MSA 24.12832, which requires an action under a standard fire
insurance policy to be brought within twelve months of the
inception of the loss. The plaintiff appealed, arguing that the
statute of limitations had been tolled during the period be-
tween submission and initial denial of his claim and during the
period while the denial was on appeal before the defendant's
board of governors, which affirmed the denial.

The Court of Appeals *held:*

Where an insurer provides for an internal appeal of a denial
of a claim under a standard fire insurance policy, the running
of the twelve-month period of limitation is tolled during the
period between the filing of a claim and its initial denial and
during the period between the filing of an appeal and its formal
denial.

The trial court erred in summarily dismissing the action,
which was timely filed, given proper application of the tolling
provisions.

Reversed.

*Becker & Van Cleef* (by *Robert Van Cleef*), for
the plaintiff.

*Patterson, Phifer & Phillips, P.C.* (by *Michael D.
Patterson* and *John David Simpson*), for the defen-
dant.

Before: REILLY, P.J., and SHEPHERD and MARILYN
KELLY, JJ.

Marilyn   Kelly,   J.   Plaintiff,   Abdelhamid
Hamdi, appeals from a circuit court order sum-
marily dismissing his lawsuit against his insur-
ance carrier on the ground that the suit was time-
barred. He contends that the statutory period of
limitations should have been tolled while his ap-
peal to the insurance company's appeals commit-
tee was pending. We agree and reverse.

The salient facts of this case are not in dispute.
Plaintiff insured real property in Detroit through
defendant, Michigan Basic Property Insurance As-
sociation. He alleges that the property was robbed
and vandalized on February 15, 1988, and that
three days later, on February 18, 1988, he notified
defendant of the loss.

On August 15, 1988, defendant notified plaintiff
by letter that it had investigated the claim and
was denying coverage. The letter also informed
him that he had the right to appeal the decision
within thirty days to the appeals committee of
defendant's board of governors:

> Finally, you should be advised that any appli-
> cant insured . . . aggrieved by any action or deci-
> sion of the Association shall have the right to
> appeal within thirty (30) days of the date of this
> letter to the Appeals Committee of the Board of
> Governors.

Plaintiff exercised defendant's internal appeal
option. The record does not reveal the date the
appeal was filed. It does make apparent that on
October 14, 1988, defendant informed plaintiff that
the appeals committee had affirmed the initial
decision to deny coverage.

On August 29, 1989, plaintiff filed this lawsuit
alleging that defendant breached its contract for
insurance coverage. Defendant responded moving

for summary disposition on the basis that the statutory one-year period of limitations had expired. Plaintiff argued that the statute of limitations was tolled until October 14, 1988, the day the appeals committee upheld defendant's decision to deny liability.

The trial judge granted defendant's motion. He stated that, while defendant's first denial letter informed plaintiff of an appeals process, it did not indicate that the one-year limitations period would be tolled pending the internal appeal. The court erred in dismissing the case.

Much of the language of the property insurance policy under consideration was adopted from the standard fire insurance contract that appears in the Insurance Code. MCL 500.2832; MSA 24.12832. The contract provides that no lawsuit concerning the policy may be sustained "unless commenced within twelve months next after the inception of the loss." See lines 157-160 of the second page of the standard policy set forth in the statute.

Our Supreme Court has construed this language to permit a tolling of the limitations period from the date the insured gives notice of loss until the insurer formally denies liability. *In re Certified Question, Ford Motor Co v Lumbermens Mutual Casualty Co,* 413 Mich 22, 38; 319 NW2d 320 (1982). The Court reasoned that, since the limitations period was statutory, it must be interpreted in accordance with legislative intent. The intent of the Legislature in establishing a one-year limitations period was to provide the insured a full twelve months to initiate an action following a loss and no less. *Id.,* 31.

To give effect to the Legislature's intent, the Court held that the time consumed by the insurer while determining whether to provide coverage should not be counted against the insured:

In this manner, the literal language of the limitation provision is given effect; the insured is not penalized for the time consumed by the company while it pursues its contractual and statutory rights to have a proof of loss, call the insured in for examination, and consider what amount to pay; and the central idea of the limitation provision is preserved since an insured will have only 12 months to institute suit. [*Id.*, 31, quoting *Tom Thomas Organization, Inc v Reliance Ins Co*, 396 Mich 588; 242 NW2d 396 (1976), and *Peloso v Hartford Fire Ins Co*, 56 NJ 514; 267 A2d 498 (1970).]

The Court also noted that by providing for the tolling period, it was advancing the overriding purpose of the Insurance Code which is to protect policyholders. At the same time, the provision creates no unnecessary burden on insurers. *Id.*, 38.

We interpret the statute as providing for a tolling period beginning on the date an insured files an internal appeal and ending on the date the appeal is formally denied. We make this ruling for the same reasons the Supreme Court interpreted the one-year limitations period to be tolled from notice of loss to denial of coverage. The purpose of the statute is to protect policyholders and provide for a full year to bring suit. Therefore, the time consumed by the insurer in deciding the appeal must not be held against the insured. *Id.*, 31, 38.

A tolling period lasting while the internal appeal is pending places no unnecessary burden on the insurer. As with the time elapsing from the date of notice to the date of denial, the insurer controls the period of an internal appeal. In both instances, the statute of limitations ceases to run only for as long as the insurer takes to consider the insured's case and decide whether to provide coverage.

In addition, policy considerations favor tolling the limitations period while an internal appeal is pending. First, the tolling period advances the policy of discouraging litigation. See *Preferred Risk Mutual Ins Co v State Farm Mutual Automobile Ins Co,* 123 Mich App 416, 420; 333 NW2d 303 (1983). Absent tolling, an insured whose initial claim has been denied may choose a lawsuit over the internal appeal process for fear the one-year limitations period will expire during the appeal. Conversely, if the insured knows that the limitations period will be tolled while the internal appeal is pending, he will be encouraged to file an appeal. If the insured is able to convince the insurer on appeal that the initial denial of coverage was a mistake, a lawsuit is avoided.

Secondly, if the statute is read to include a tolling provision, the likelihood that the dispute will settle while the internal appeal is pending is enhanced. Requiring a lawsuit within twelve months in order to keep the insured's claim alive may cause positions to harden and negotiations to wither. *Id.,* 421.

Finally, the tolling provision during internal appeal removes the incentive an insurance company might otherwise find to procrastinate. The longer the internal appeal takes, the less time is left to an insured following the decision in which to file a lawsuit. We do not suggest that the defendant in this case employed such a strategy. However, we believe that the perils incumbent on procrastination during internal appeal, if any, should lie with the company, not with the policyholder. *Id.*

When the two tolling provisions are applied to the facts of the instant case, plaintiff's lawsuit was filed in a timely manner. The limitations period began to run on February 15, 1988, the date of the

loss. The period was then tolled three days later when plaintiff gave notice of his loss. On August 15, 1988, the period began to run again when defendant sent plaintiff a letter formally denying coverage. *In re Certified Question, supra; Bourke v North River Ins Co,* 117 Mich App 461; 324 NW2d 52 (1982). If plaintiff had taken no further action against defendant, the statutory period of limitations would have expired on August 12, 1988, and plaintiff's lawsuit would have been time-barred. See *Kassab v Michigan Basic Property Ins Ass'n,* 185 Mich App 206, 211; 460 NW2d 300 (1990).

However, when plaintiff opted to appeal under defendant's internal appeals procedure, the limitations period was again tolled. Although the record does not reflect the date that plaintiff filed the appeal, we note that defendant's appeals policy required that it be filed within thirty days of the denial. Defendant's appeals committee formally denied the appeal on October 14, 1988, thus causing the limitations period to recommence. Plaintiff filed this action approximately 10½ months later, on August 29, 1989. Since the twelve-month limitations period had not expired, the suit was filed in a timely manner.

Reversed.