SAAD v CITIZENS INSURANCE COMPANY OF AMERICA

Docket No. 196748. Submitted October 14, 1997, at Detroit. Decided February 3, 1998, at 9:20 A.M. Leave to appeal sought.

James Saad brought an action in the Macomb Circuit Court against Citizens Insurance Company of America, seeking coverage for theft loss under an insurance policy issued by the defendant to the plaintiff. The court, Michael D. Schwartz, J., granted summary disposition for the defendant, ruling that the action was barred under a one-year contractual period of limitation. The plaintiff had brought the action more than one year after the defendant mailed a notice formally denying his claim, but less than one year after the plaintiff received the notice. The plaintiff appealed.

The Court of Appeals *held*:

A period of limitation set in an insurance contract is tolled from the time of notice of loss until the claim is formally denied. Formal denial occurs when the insurer mails the notice of denial, not when the insured receives the notice.

Affirmed.

NEFF, J., dissenting, stated that the tolling of a period of limitation under an insurance contract until formal denial of a claim is for the protection of the insured. Tolling should end when the insured receives notice of denial of the claim so that the insured does not have to anticipate the insurer's mailing of the notice of denial and will always have the full period in which to bring an action on the insurance policy.

INSURANCE — CONTRACTUAL PERIODS OF LIMITATION — TOLLING.

A period of limitation set in an insurance contract is tolled from the time of notice of loss until the claim is formally denied; formal denial occurs when the insurer mails the notice of denial.

*Leland T. Schmidt*, for the plaintiff.

*Patterson, Phifer & Phillips, P.C.* (by *Michael D. Patterson* and *Lisa A. Cylar*), for the defendant.

Before: MACKENZIE, P.J., and SAWYER and NEFF, JJ.

SAWYER, J. Plaintiff appeals from an order of the circuit court granting summary disposition to defendant on the basis that the period of limitation had expired on plaintiff's claim under an insurance policy. We affirm.

Plaintiff suffered a theft loss on May 12, 1994, and sought coverage under an insurance policy issued by defendant. Notice of the loss was given to defendant on either May 12, 1994, or May 26, 1994.[1] On December 16, 1994, defendant mailed a notice to plaintiff formally denying the claim, which notice plaintiff alleges to have received on December 19. Thereafter, plaintiff brought suit on December 18, 1995.

The trial court granted summary disposition to defendant on the basis that the contractual period of limitation, one year, had expired on December 16, 1995, two days before suit was actually filed and one year after defendant mailed the denial to plaintiff. Plaintiff contends that the period of limitation did not expire until December 19, 1995, one year after plaintiff received the denial notice.

There is no dispute that the period of limitation was tolled from the time of the notice of loss until the claim was denied. See *Tom Thomas Organization, Inc v Reliance Ins Co*, 396 Mich 588; 242 NW2d 396 (1976). The question presented here is one of first impression: does the tolling end when the notice of denial is mailed by the insurer or when it is received by the insured?

---

[1] There is a dispute concerning when notice of loss was given. However, resolution of that dispute is not required for resolution of this appeal.

Both sides present strong arguments for their positions, but cite no controlling authority. The cases cited either deal with specific statutes or involve cases in which the dispute was the adequacy of the notice, not the timing of the notice.

We do find the following statement by this Court in *Hamdi v Michigan Basic Property Ins Ass'n*, 190 Mich App 333, 337-338; 475 NW2d 467 (1991):

> The limitations period began to run on February 15, 1988, the date of the loss. The period was then tolled three days later when plaintiff gave notice of his loss. On August 15, 1988, the period began to run again *when defendant sent plaintiff a letter formally denying coverage. In re Certified Question* [*Ford Motor Co v Lumbermens Mut Casualty Co*, 413 Mich 22; 319 NW2d 320 (1982)]; *Bourke v North River Ins Co*, 117 Mich App 461; 324 NW2d 52 (1982). If plaintiff had taken no further action against defendant, the statutory period of limitations would have expired on August 12, 1988, and plaintiff's lawsuit would have been time-barred. See *Kassab v Michigan Basic Property Ins Ass'n*, 185 Mich App 206, 211; 460 NW2d 300 (1990).
>
> However, when plaintiff opted to appeal under defendant's internal appeals procedure, the limitations period was again tolled. . . . Defendant's appeals committee formally denied the appeal on October 14, 1988, thus causing the limitations period to recommence. [Emphasis added.]

While *Hamdi* is persuasive, it is not controlling. First, it dealt with the interpretation of a statute establishing a standard fire-loss policy. Second, the issue that resolved the case was whether the period of limitation was tolled while the internal appeal process was underway; the dates of sending and receiving the notices were not relevant to the resolution of the appeal.

We do note with interest, however, the *Hamdi* Court's reference to the period of limitation recommencing when the appeals committee formally denied the appeal. Indeed, in *Thomas, supra,* the Supreme Court refers to the period of limitation being tolled "until the insurer formally denies liability." *Id.* at 594. Thus, the emphasis is on the action taken by the insurer, not when the information is received by the insured.

Ultimately, it probably makes little difference, other than to the outcome of this case, which rule is adopted. While the parties do make reference to practical considerations concerning both rules, both insurers and insureds can adjust their procedures to either rule. If we adopt a "date mailed" rule, insureds merely have to calculate the filing deadline from the postmark on the notice. If a "date received" rule is adopted, then insurers will want to send their denials by certified or registered mail so that there will be a record of when the notice is received.

With these considerations in mind, we are satisfied that the trial court correctly interpreted the existing case law as providing a tolling until the claim is formally denied and that formal denial occurs when the insurer mails the notice of denial. Accordingly, the trial court properly granted summary disposition to defendant.

In light of our resolution of this issue, we need not consider the other issue raised by plaintiff in his brief.

Affirmed. Defendant may tax costs.

MacKenzie, P.J., concurred.

NEFF, J. (*dissenting*). I respectfully dissent. I would hold that the operative date for purposes of the tolling provision of the contractual period of limitation is December 19, 1994, the date plaintiff received notice of the denial of his claim. Therefore, the filing of the complaint on December 18, 1995, was timely, assuming that notice of the loss was given on May 12, 1994, as plaintiff alleges. Because there is a dispute over the date plaintiff notified defendant of the loss and the trial court did not resolve the dispute, this case should be remanded to the trial court for a determination of the date on which notice was given.[1]

As the majority opinion notes, the question for decision is whether the tolling period ends when the insurer mails the notice of denial or when the insured receives it. This case is a good vehicle to decide this question because there appears to be no dispute that the denial notice was mailed on December 16, 1994, and received on December 19, 1994.

In the context of a contractual period of limitation, as here, the date of loss starts the period running, but it is tolled from the time of notice of loss to the insurer until the latter "formally denies liability." *Tom Thomas Organization, Inc v Reliance Ins Co*, 396

---

[1] As pointed out in both the trial court opinion and the majority opinion here, if the tolling period ends when the denial notice is mailed, it does not matter in this case when plaintiff gave notice of the loss because he filed suit more than a year after tolling of the period of limitation ended and, by definition, after the period of limitation ran. However, if the tolling period ended when plaintiff received the denial notice, then the date of notice of loss becomes crucial. If notice was given on May 12, 1994, the period of limitation was tolled until December 19, 1994, and because suit was filed on December 18, 1995, it was timely. On the other hand, if notice was given on May 26, 1994, the period of limitation ran for two weeks before it was tolled. Receipt of the denial notice on December 19, 1994, would mean that the period of limitation would run December 5, 1995, and plaintiff's complaint filed on December 18 would be untimely.

Mich 588, 593-594; 242 NW2d 396 (1976); see also *In re Certified Question, Ford Motor Co v Lumbermens Mut Casualty Co*, 413 Mich 22; 319 NW2d 320 (1982). The question is whether liability is formally denied on the date the notice is mailed or when it is received. It is akin to asking whether a tree falling in the forest makes a sound if there is no one present to hear it.

The answer can be found in the purpose of the judicially created tolling provision; it is for the protection of policyholders and to allow a full year to bring suit. *Hamdi v Michigan Basic Property Ins Ass'n*, 190 Mich App 333, 336; 475 NW2d 467 (1991). By providing that the tolling period ends when the notice is mailed, the insured is deprived of the full period in the contract to bring suit and is compelled to attempt to anticipate action by the insurer with no real opportunity to do so. The insured cannot be aware of the denial until receipt of the notice. Therefore, if the tolling of the contractual period of limitation ends *before* receipt, i.e., on the date the denial is mailed, the insured is deprived of the full, one-year period in which to file suit. Here the insured had only 362 days to file suit, not 365, and the rule created by the majority is inconsistent with the purpose of tolling.

An additional factor should be considered. The rule created by the majority will, in some instances, result in unnecessary litigation in those cases in which the insured, fearing denial of the claim and desiring to preserve the right to proceed under the policy, files suit *before* receipt of notice only to find out that the insurer has decided to pay the claim. While this might be seen as a minor inconvenience because the litigation can be easily dismissed, it nevertheless creates

an additional burden on the insured and the justice system.

I agree with the majority that insurers can easily guarantee that the date of receipt is capable of exact determination by sending denial notices via some form of restricted mail, a common practice in the insurance industry in other contexts. The inconvenience of such a practice would be minimal and would serve the purposes of protecting policy holders and the judicially created tolling concept as well as the broader purpose of discouraging unnecessary litigation.

I would reverse and remand.