ALLEN v MICHIGAN BASIC PROPERTY INSURANCE COMPANY

Docket No. 223009. Submitted October 16, 2001, at Detroit. Decided October 26, 2001; approved for publication December 28, 2001, at 9:05 A.M.

Patricia Allen brought an action in the Wayne Circuit Court against Michigan Basic Property Insurance Company, seeking the proceeds of a fire insurance policy issued by the insurer covering the plaintiff's residence, which sustained fire damage. The insurer moved for summary disposition on the bases that the action was not filed within the applicable period of limitation and that the plaintiff failed to submit to examination under oath and provide certain documents requested by the insurer, policy conditions that were conditions precedent to any payment of benefits under the policy. The court, Michael J. Callahan, J., denied the motion. The defendant appealed by leave granted.

The Court of Appeals *held*:

The court properly denied the motion with regard to the statute of limitations claim because the insurer was unable to establish the date of its denial of the plaintiff's claim. The court erred in denying the defendant's motion with regard to the plaintiff's failure or refusal to comply with the conditions of the policy. The plaintiff wilfully refused to comply with the policy conditions as part of a deliberate effort to withhold material information or a pattern of noncooperation with the insurer. The plaintiff cannot avoid the policy provisions by asserting a Fifth Amendment right not to be compelled to be a witness against herself. The order denying the motion must be reversed and the matter must be remanded for entry of an order granting summary disposition in favor of the defendant.

Reversed and remanded.

INSURANCE — ACTIONS — CONDITIONS PRECEDENT — WILFUL NONCOMPLIANCE.

An insured's wilful noncompliance with conditions precedent to any payment of benefits on a claim under a fire insurance policy that require the insured to submit to an examination under oath and provide documents requested by the insurer mandates dismissal with prejudice of the insured's action for benefits under the policy; "wilful noncompliance" with contractual provisions allowing an

insurer to investigate a claim may arise from an insured's deliberate effort to withhold material information or pattern of noncooperation with the insurer; an insured may assert the privilege against self-incrimination in response to a request for documents or an examination under oath, but does so to the peril of the insured's claim.

*Stahl and Wyrock, P.C.* (by *Irving M. Stahl*), for the plaintiff.

*Patrick, Johnson & King, P.C.* (by *Stacey L. Heinonen, Paul H. Johnson, Jr.,* and *Deborah L. Rubin*), for the defendant.

Before: ZAHRA, P.J., and SMOLENSKI and TALBOT, JJ.

PER CURIAM. Defendant appeals by leave granted from an order denying defendant summary disposition in this case alleging breach of an insurance contract. We reverse and remand for entry of an order granting summary disposition for defendant.

## I. FACTS

This case concerns a fire insurance policy. The policy insured against loss and damage to plaintiff's residence located at 14567 Mettetal, Detroit. The policy term was from July 31, 1992, to July 31, 1993.

In late May 1993, a fire occurred at plaintiff's residence. Thereafter, plaintiff filed a claim for benefits under the policy. Defendant began its investigation of the claim. As part of that investigation, defendant notified plaintiff that she was to submit to an examination under oath and was required to provide defendant with several documents related to her ownership of the residence. It is undisputed that plaintiff did not attend any of the examinations defendant scheduled for August 11, 1993, August 26, 1993, and October 20,

1993. Plaintiff also acknowledges that she did not provide any of the documents requested by defendant. Plaintiff claims that her counsel advised her not to answer questions from defendant until after any criminal investigation into her involvement in the fire was completed.[1]

Defendant claims that on November 5, 1993, it sent a letter to plaintiff's counsel[2] specifically denying plaintiff's claim for benefits.[3] In May 1994, defendant closed its file in regard to plaintiff's claim and, there-

---

[1] It is not clear from the record whether plaintiff or her counsel informed defendant of her reason for not complying with defendant's requests before filing this suit. Affidavits introduced by defendant suggest that plaintiff did not appear at the scheduled meetings and made no effort to reschedule. Plaintiff's response to defendant's motion for summary disposition suggests that defendant was informed that plaintiff did not appear for the scheduled examinations because criminal charges were pending.

[2] According to plaintiff's deposition testimony, she retained several attorneys at various stages of the proceedings. However, it appears that plaintiff's former counsel Ray A. Paige was the only attorney retained by plaintiff at the time of defendant's investigation of the policy claim. Defendant claims to have sent the November 5, 1993, letter to plaintiff, in care of Paige. While plaintiff asserts on appeal that Paige was not her agent with respect to her policy claim, but, instead, represented her only in connection with criminal matters, plaintiff testified during her deposition that she consulted Paige after she received defendant's first notice of an examination under oath and acknowledged that Paige was authorized to respond to the letters defendant sent in connection with its investigation.

[3] A copy of the letter contained in the lower court file states the following reasons for defendant's denial of plaintiff's claim:

1. Contrary to proper demand made, you have failed to render to Michigan Basic Property Insurance Association a properly executed sworn statement in proof of loss setting forth to the best of your knowledge and belief that information required to be so set forth;

2. Contrary to proper demand made, you have failed to submit to an Examination Under Oath;

3. Contrary to proper demand made, you have failed to provide Michigan Basic Property Insurance Association with records and documents requested and permit copying of such documents.

after, pursuant to standard company policy,[4] de-
stroyed the contents of the file.

Plaintiff was eventually charged with arson in con-
nection with the fire at her residence, but was found
not guilty. Thereafter, in March 1996, plaintiff tele-
phoned defendant's claim examiner, informed the
examiner that she had been absolved of criminal lia-
bility, and inquired regarding when her claim for ben-
efits would be paid. Defendant's agent informed plain-
tiff during the telephone conversation that defendant
would not be paying the claim. According to defen-
dant, plaintiff did not take any further action in
regard to her claim until April 1999, when she wrote a
letter again demanding payment.

Plaintiff filed the present suit alleging breach of the
insurance contract on May 24, 1999. Defendant
brought a motion for summary disposition under
MCR 2.116(C)(7) and (10), which was denied by the
trial court. This Court granted defendant leave to
appeal that decision.

## II. STANDARD OF REVIEW

We review de novo a trial court's decision on a
motion for summary disposition. *Beaty v Hertzberg &
Golden, PC*, 456 Mich 247, 253; 571 NW2d 716 (1997).
When reviewing a grant of summary disposition pur-
suant to MCR 2.116(C)(7), this Court must consider
the affidavits, pleadings, depositions, admissions, and
documentary evidence then filed in the action or sub-
mitted by the parties. MCR 2.116(G)(5); *Maiden v*

---

[4] According to defendant, its common practice is to destroy the con-
tents of claim files after the expiration of the applicable one-year period
of limitation. See MCL 500.2833(1)(q).

*Rozwood,* 461 Mich 109, 119; 597 NW2d 817 (1999). The contents of the complaint are accepted as true unless contradicted by documentation submitted by the moving party. *Id.* A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Maiden, supra* at 120. The trial court must consider affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the nonmoving party. *Maiden, supra.* The moving party is entitled to a judgment as a matter of law when the proffered evidence fails to establish a genuine issue regarding any material fact. *Id.*

### III. ANALYSIS

#### A. STATUTE OF LIMITATIONS

On appeal, defendant first argues that the trial court erred in denying summary disposition under MCR 2.116(C)(7) because plaintiff's suit is barred by the applicable one-year period of limitation. MCL 500.2833 provides, in pertinent part:

(1) Each fire insurance policy issued or delivered in this state shall contain the following provisions:

\*     \*     \*

(q) That an action under the policy may be commenced only after compliance with the policy requirements. An action must be commenced within 1 year after the loss or within the time period specified in the policy, whichever is longer. The time for commencing an action is tolled from

the time the insured notifies the insurer of the loss until the insurer formally denies liability.[5]

Defendant asserts that because this suit was filed far beyond one year after the November 5, 1993, denial letter, the suit is barred as a matter of law. The relevant date for determining when the limitation period commences following a tolling period after notification of loss is the date the insurer formally denies liability. *Saad v Citizens Ins Co of America*, 227 Mich App 649, 652; 576 NW2d 438 (1998). Notwithstanding defendant's assertion that plaintiff's claim was denied on November 5, 1993, there is no evidence from which we can establish the actual date of denial as a matter of law. According to defendant, the November 5, 1993, letter was sent to plaintiff's counsel, Paige, by regular mail and certified mail, return receipt requested. Paige has submitted an affidavit in this case denying receipt of the letter and specifying that in November 1993, his office was not located at the address to which defendant sent the letter. Moreover, plaintiff and Paige have claimed that Paige's representation was limited to criminal matters and did not involve plaintiff's claim for benefits. Plaintiff claims that she never received the November 5, 1993, letter.

Significantly, defendant does not possess the certified mail receipt it claims to have received as the result of mailing the denial letter. Defendant claims that the receipt did exist, but was destroyed along with the rest of plaintiff's file after the expiration of the one-year period of limitation. Regardless of defen-

---

[5] The policy at issue in this case contains a provision that is consistent with MCL 500.2833(1)(q), stating: "No action can be brought unless the policy provisions have been complied with and the action is started within one year after the date of loss."

dant's reason for no longer possessing the receipt, without such a record and in light of plaintiff's and her counsel's denial of receipt of the letter, we cannot determine, as a matter of law, the date of the defendant's denial.[6] Therefore, the trial court properly denied defendant's motion under MCR 2.116(C)(7).

### B. WILFUL FAILURE OR REFUSAL TO COMPLY WITH POLICY CONDITIONS

Notwithstanding the failure of defendant's motion under MCR 2.116(C)(7), we conclude that defendant is entitled to summary disposition under MCR 2.116(C)(10). Defendant argues that the trial court erred in denying summary disposition under MCR 2.116(C)(10) because plaintiff wilfully failed or refused to comply with policy conditions before commencing the present action. We agree.

The "Conditions" section of the policy includes:

4. Your Duties After Loss. In case of a loss to covered property, you must see that the following are done:

*     *     *

d. as often as we reasonably require:

(1) show the damaged property;

(2) provide us with records and documents we request and permit us to make copies; and

(3) submit to examination under oath, while not in the presence of any other named insured, and sign the same.

---

[6] Defendant does not claim that its examiner's alleged oral denial of plaintiff's request for payment during plaintiff's March 1996 telephone call constituted a "denial" for purposes of the statute of limitations. MCL 500.2833(1)(q).

It is undisputed that plaintiff did not submit to any of defendant's requests for an examination under oath and did not provide the documents requested during defendant's investigation of plaintiff's claim. Plaintiff asserts that she was exercising her Fifth Amendment rights when she refused to comply with defendant's requests.[7]

In *Thomson v State Farm Ins Co*, 232 Mich App 38; 592 NW2d 82 (1998), the defendant insurer argued for dismissal on the basis that the plaintiff did not comply with a policy provision that required him to submit to an examination under oath as a duty after loss. This Court defined the consequence of an insured's wilful noncompliance with an insurer's request for an examination under oath. *Id.* at 45-52. This Court stated that

> "wilful noncompliance" in the context at hand refers to a failure or refusal to submit to an [examination under oath] or otherwise cooperate with an insurer in regard to contractual provisions allowing an insurer to investigate a claim that is part of a *deliberate* effort to withhold material information or a *pattern of noncooperation* with the insurer.
> . . . [T]he burden henceforth is on the *insured* to demonstrate that the insured has not deliberately withheld material information. This burden will be an extraordinarily difficult one to meet.
> . . . [I]f the noncompliance is wilful, the dismissal must be with prejudice . . . . [*Id.* at 50-51, 52, 56 (emphasis in original).]

In the present case, we conclude that despite plaintiff's claim that her refusal to cooperate with defen-

---

[7] We note that the criminal charge against plaintiff was not brought until June 1994, approximately eight months after defendant's final request for an examination under oath.

dant's investigation was based on her Fifth Amendment rights, plaintiff's conduct constituted "wilful noncompliance" with the policy provisions, as that phrase was defined in *Thomson*. As stated by this Court in *Phillips v Deihm*, 213 Mich App 389, 399-400; 541 NW2d 566 (1995):

> The privilege against self-incrimination not only permits a person to refuse to testify against himself at a criminal trial in which he is a defendant, but also permits him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings. *Allen v Illinois*, 478 US 364, 368; 106 S Ct 2988; 92 L Ed 2d 296 (1986); *In re Stricklin*, 148 Mich App 659, 663; 384 NW2d 833 (1986).

However, a party to a civil action who invokes his Fifth Amendment privilege does so to the peril of his claim. See *Phillips, supra* at 400-401 (holding that the trial court did not violate the defendant's Fifth Amendment privilege against self-incrimination when it granted summary disposition for the plaintiff on the basis that the defendant did not respond to the plaintiff's evidence).

Here, plaintiff chose to file her claim for benefits under the policy. Her claim was based on the contract to which she and defendant agreed. The policy contained specific requirements with respect to plaintiff's duties after loss, including that plaintiff provide defendant with documents related to her claim and that plaintiff submit to an examination under oath. Plaintiff cannot avoid the policy requirements that she agreed to with defendant, which she herself triggered by filing her claim, by asserting her right not to be compelled to be a witness against herself. While

plaintiff had the right to assert her Fifth Amendment privilege in response to defendant's requests, she did so to the peril of her claim under the policy. *Phillips, supra.* We further note that although plaintiff claimed not to have submitted to an examination under oath because of her concern over future criminal charges, she also failed to provide defendant the requested documents despite the fact that the documents concerned plaintiff's ownership interests in the property and did not tend to incriminate plaintiff. Under these circumstances, we conclude that plaintiff wilfully refused to comply with the policy conditions that she agreed were conditions precedent to any payment of benefits on a claim. Moreover, plaintiff's refusals to submit to an examination under oath and to provide documents requested by defendant were part of a deliberate effort to withhold material information or a pattern of noncooperation with defendant. *Thomson, supra* at 50-51. Plaintiff's willful noncompliance with the policy demands dismissal with prejudice. *Id.* at 56.[8]

Given that conclusion, we need not analyze the merit of defendant's argument concerning laches. However, we note that we cannot consider defendant's decision to destroy plaintiff's claim file pursu-

---

[8] Our conclusion is not altered by the fact that plaintiff eventually submitted to a court-ordered deposition in this case. Plaintiff's deposition was not the equivalent of the examination under oath initially sought by defendant given that plaintiff's questioning was not completed at a time that defendant could make a decision regarding the merit of plaintiff's claim as the policy required. Also, there is no evidence that the documents defendant requested from plaintiff were ever provided. In fact, plaintiff's deposition testimony suggests that several of the requested documents disappeared from plaintiff's possession in March 1996 and cannot be made available to defendant.

ant to its own company policy as a change in condition sufficient to support a claim of laches.

Reversed and remanded for entry of an order granting defendant summary disposition. We do not retain jurisdiction.