*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DAVID TOMASKO,

Plaintiff-Appellant,

UNPUBLISHED
July 18, 2019

v

No. 343974
Wayne County Circuit Court
LC No. 17-015723-CK

AUTO-OWNERS INSURANCE COMPANY,

Defendant-Appellee.

Before: RONAYNE KRAUSE, P.J., and METER and STEPHENS, JJ.

PER CURIAM.

In this insurance action, plaintiff appeals by right the trial court's order granting summary disposition to defendant Auto-Owners Insurance Company (Auto-Owners) under MCR 2.116(C)(7). We affirm.

## I. BACKGROUND

On December 29, 2015, plaintiff's residence sustained water damage. Plaintiff's residence was insured under a homeowners-insurance policy with Auto-Owners which provided coverage for "Domestic Appliance Seepage or Leakage in the amount of $50,000.00 [and] Water Backup of Sewers Or Drains in the amount of $5,000.00." Consistent with MCL 500.2833(1)(q), the policy also limited plaintiff's right to bring suit against Auto-Owners, providing:

> Suit must be brought within one year after the loss or damage occurs. The time for commencing suit is tolled from the time you notify us of the loss or damage until we formally deny liability for the claim.

Plaintiff reported the water damage to Auto-Owners on the same day that it occurred, December 29, 2015. On January 5, 2016, Auto-Owners' representative, Jason Martell, investigated the damage to plaintiff's residence. Martell found that the damage was the result of a sewer back up and determined that "coverage was limited to the $5,000.00 sub-limit contained in the policy."

-1-

On January 20, 2016, Auto-Owners sent plaintiff a $5,000.00 check, which he cashed on February 19, 2016. On January 29, 2016, Auto-Owners mailed plaintiff a letter via regular and certified mail. Though the certified-mail copy was returned unclaimed, plaintiff still admitted that he received the letter via regular mail. The letter stated, in pertinent part:

> The policy limit for this coverage is $5,000.00, which has been previously paid to you. Based on the information to date, we find that we have paid all that we can under the terms and conditions of your policy, and we must respectfully deny your request to cover 100% of the above mentioned claim.

> *  *  *

> If there is any additional information you believe to be relevant to the question of coverage, please advise the undersigned and forward any additional information for our review and consideration.

On February 1, 2016, plaintiff sent Auto-Owners further information regarding his claim. Then, on February 18, 2016, Auto-Owners mailed plaintiff a second letter by certified and regular mail, which stated:

> This letter is in response to the executed Proof of Loss you submitted for the above mentioned claim, which was received in our office on 2/1/2016. Please be advised that Auto-Owners Insurance Company has paid all that can be paid on this loss.

> *  *  *

> Auto-Owners Insurance Company cannot issue any additional payments for the damages suffered as a result of this incident. Our file remains closed.

The certified-mail copy of this letter was returned unclaimed and plaintiff testified that he never received the letter.

On October 31, 2017, plaintiff filed a complaint against Auto-Owners for breach of contract, requesting payment of the full cost of the water damage to his residence. In lieu of filing an answer, Auto-Owners moved for summary disposition, in relevant part, under MCR 2.116(C)(7), arguing that plaintiff's claim was barred by the limitations period set forth in the policy. Auto-Owners recognized that the one-year limitations period was tolled beginning on December 29, 2015, but argued that the tolling period ended with the January 29, 2016, denial letter. Alternatively, Auto-Owners argued that the tolling period ended on February 18, 2016, when it sent plaintiff a second denial letter. Plaintiff disagreed, arguing that the January 29th letter was an invitation to submit further information—not a formal denial—and that the February 18th letter could not end the tolling period because plaintiff never received it.

The trial court held that the January 29th letter was a formal denial and noted that plaintiff's cashing of the $5,000.00 check on February 19th was evidence that plaintiff understood the January 29th letter to be a denial. Consequently, the trial court found irrelevant plaintiff's allegation that he never received the February 18th letter, since it was merely a

reiteration of the January 29th letter. Therefore, the trial court granted Auto-Owners' motion for summary disposition and dismissed plaintiff's complaint in its entirety. This appeal followed.

## II. ANALYSIS

"A trial court's determination regarding a motion for summary disposition is reviewed de novo." *Sanders v Perfecting Church*, 303 Mich App 1, 3; 840 NW2d 401 (2013). Summary disposition is appropriate under MCR 2.116(C)(7), *inter alia*, when the action is barred by the expiration of the statute of limitations.

Plaintiff has not challenged the contract's one-year limitations provision. On appeal, the parties agree that the limitations period was tolled from December 29, 2015, until at least January 29, 2016, at which time defendant sent plaintiff the first letter declining further payment on the claim. Plaintiff, however, argues that the trial court erred by finding that the tolling period concluded with the January 29th letter. According to plaintiff, he did not receive a valid denial of his claim until June 2017, which means he filed his complaint timely. Consistent with its position below, Auto-Owners disagrees, arguing that it validly denied plaintiff's claim in both the January 29th and February 18th letters and that plaintiff's failure to file this case within one year of either denial entitled it to summary disposition.

An insurer's notification must be "explicit and unequivocally impress upon the insured the need to pursue further relief in court" for it to be a formal denial. *Smitham v State Farm Fire & Cas Co,* 297 Mich App 537, 545; 824 NW2d 601 (2012). A notification that "implie[s] that the insured would consider making additional payments if additional materials were submitted" is not a formal denial. *Id.* "[A] formal denial occurs when the insurer mails the notice of denial." *Saad v Citizens Ins Co of America,* 227 Mich App 649, 652; 576 NW2d 438 (1998). An insurer may prove mailing of the notice through the certified-mail receipt; inversely, however, an insurer's failure to produce a certified-mail receipt precludes it from establishing that a denial letter ended the tolling period. *Allen v Michigan Basic Prop Ins Co,* 249 Mich App 66, 71-72; 640 NW2d 903 (2001).

Plaintiff argues that the January 29th letter was not a formal denial because its invitation for plaintiff to submit further information implied that Auto-Owners would consider making further payments on his claim. While plaintiff's position regarding the January 29th letter may have merit, we need not address this issue because we conclude that Auto-Owners explicitly denied plaintiff's claim through the February 18th letter.[1]

In no uncertain terms, the February 18th letter states:

> Auto-Owners Insurance Company cannot issue any additional payments for the damages suffered as a result of this incident. Our file remains closed.

---

[1] Likewise, we need not address plaintiff's alternative argument that his submission of further information on February 1, 2016, reopened the tolling period after any earlier denial.

Unlike the earlier January 29th letter, the February 18th letter contains no language inviting plaintiff to submit further information. Instead, the February 18th letter plainly states that no additional payments will be made to plaintiff and that plaintiff's file was closed. At this point plaintiff should have been on notice that his only avenue for redress would be to pursue further relief through the courts.

According to plaintiff, even if the February 18th letter contained language constituting a denial of his claim, this denial was not valid because plaintiff never received the letter. Plaintiff's receipt of the letter, however, is irrelevant as the denial occurs with the sending of the letter, not its receipt. *Saad*, 227 Mich App at 652.

Alternatively, plaintiff argues that Auto-Owners could not prove that it mailed the February 18th letter. According to plaintiff, the certified-mail receipt Auto-Owners submitted for the February 18th letter was blank and the tracking number returned no information. Auto-Owners, however, provided two copies of this receipt to the trial court. While plaintiff is correct that the first copy—attached to Auto-Owners' motion for summary disposition—was either blank or unintelligible, the second copy—attached to Auto-Owners' reply brief— was clearly filled out, addressed to plaintiff.

Therefore, Auto-Owners proved that it validly denied plaintiff's claim by mailing the February 18th letter. Thus, the tolling period ended on February 18, 2016, meaning that plaintiff had until February 18, 2017, to file his complaint. Because plaintiff filed the complaint on October 31, 2017—some 8 months after the limitations period had expired—his action was precluded under the policy. The trial court did not err by granting summary disposition to defendant under MCR 2.116(C)(7).

Affirmed.

/s/ Amy Ronayne Krause
/s/ Patrick M. Meter
/s/ Cynthia Diane Stephens

-4-