NOT RECOMMENDED FOR PUBLICATION
File Name: 12a0632n.06

FILED

*Jun 18, 2012*

LEONARD GREEN, Clerk

No. 11-1097

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

YAZAN MUSLEH and HUDA MUSLEH, )
)
    Plaintiffs-Appellees, )
)
                           )   ON APPEAL FROM THE UNITED
v.                             )   STATES DISTRICT COURT FOR
                           )   THE EASTERN DISTRICT OF
                           )   MICHIGAN
STATE FARM FIRE & CASUALTY )
COMPANY, )
)
    Defendant-Appellant. )

Before: SILER, DAUGHTREY, and WHITE, Circuit Judges.

**SILER**, Circuit Judge. State Farm Fire and Casualty Company appeals from the district court's dismissal without prejudice of a lawsuit by policyholders Yazan and Huda Musleh. State Farm argues that the dismissal should have been with prejudice. The insurer further suggests that, because the Muslehs allegedly failed to refile their lawsuit within the statutorily prescribed period, the appeal may ultimately be moot.

For the reasons described below, we **AFFIRM** the judgment of the district court.

**I.**

On March 21, 2008, a fire occurred at the home of Yazan and Huda Musleh. The Muslehs had a homeowners insurance policy issued by State Farm, and they submitted a claim under the policy for damages to their dwelling and personal property.

State Farm commenced an investigation of the claim. The Muslehs and two of their children appeared for examinations under oath and submitted some, but not all, of the records requested by State Farm. The homeowners policy required the Muslehs to submit any records reasonably required by State Farm before initiating any lawsuit. The insurer sent multiple additional requests to the Muslehs, but did not receive all the records requested. The Muslehs believed they had substantially complied with State Farm's additional records requests, which they felt to be burdensome and immaterial, thus not reasonable.

Although State Farm still had not received all the records, the insurer denied the Muslehs' claim on May 7, 2009. State Farm determined the fire to be intentional, rather than accidental, and found that the Muslehs intentionally misrepresented and concealed the circumstances of the fire. Additionally, State Farm cited the Muslehs' failure to provide all the records requested.

Under the policy, the Muslehs could not bring suit against State Farm unless they had complied with the policy provisions. However, in March 2010, the Muslehs commenced the instant action against State Farm. State Farm moved for summary judgment, seeking a dismissal with prejudice based on the Muslehs' alleged failure to comply with the policy's conditions precedent prior to filing their lawsuit.

The district court granted in part State Farm's motion, finding a failure to comply fully with the conditions precedent, but not finding the noncompliance to be wilful. The district court dismissed the matter without prejudice.

State Farm timely moved for reconsideration, based on three alleged defects in the district court's decision: (1) the Muslehs should have borne the burden to show their noncompliance not to

be wilful and that they failed to meet that burden; (2) State Farm should not have borne any burden to show prejudice, but still did demonstrate such prejudice; and (3) the district court ignored the substantial prejudice incurred by State Farm. The district court denied the motion for reconsideration.

**II.**

We apply abuse-of-discretion review to the with/without-prejudice decision and clear-error review to factual findings. *See Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718-19 (6th Cir. 1994). The with/without-prejudice decision constitutes a discretionary decision, not a merits issue. The district court's examination of Michigan law in terms of the record amounts simply to a basis for a careful and informed exercise of discretion and does not change the nature of the ruling.

We thus consider whether the district court abused its discretion by choosing to dismiss the matter without prejudice. Here, State Farm pins its hopes primarily to a single sentence in the opinion and order, wherein the district court suggested that the insurer had not submitted any "evidence suggesting a deliberate effort to hinder the investigation, any pattern of noncooperation beyond repeated partial performance, or any prejudice it will suffer by the delay in obtaining the documents requested – if Defendant does eventually receive the documents." State Farm contends that this sentence reflects erroneous evidentiary burdens and results, ultimately, in clearly erroneous factual findings. However, the sentence simply cannot bear such weight.

First, the district court never stated that State Farm bore the burden of proving wilful noncompliance. Instead, the court simply observed that the insurer had not submitted any evidence showing such noncompliance. As to which party bore the burden, State Farm generally states the

law in Michigan correctly: ". . . the insured must show that there was not a deliberate effort to withhold material information . . . or a pattern of noncooperation with the insurer." *See Thomson v. State Farm Ins. Co.*, 592 N.W.2d 82, 90 (Mich. Ct. App. 1998). However, as the district court recognized, this explication of burden should certainly not be taken as a *per se* rule. Other than the single-sentence observation about State Farm's proof, at no other point in the analysis did the district court even suggest in any way that the insurer bore a burden. Instead, the court found that the evidence showed that "Plaintiffs provided extensive financial records and fully cooperated during examinations under oath." The court's language reflects a reasonable application of the appropriate burden framework.

Relatedly, the district court did not clearly err in finding that the Muslehs partially performed their policy obligations and that no wilful noncompliance occurred. Wilful noncompliance means "a failure or refusal to submit to an [examination under oath] or otherwise cooperate with an insurer in regard to contractual provisions allowing an insurer to investigate a claim that is part of a deliberate effort to withhold material information or a pattern of noncooperation with the insurer." *Thomson*, 592 N.W.2d at 87. The district court concluded that the Muslehs failed to substantially perform under the policy because they did not provide requested tax documents, but that they partially performed by cooperating with examinations under oath and providing a number of requested documents. The record well supports this finding by the district court. State Farm's retained forensic accountant provided lists of records requested and both received and not received, and these lists demonstrate partial performance. Significantly, the Muslehs cooperated with

examinations under oath not just of themselves, but also of two of their children. The district court did not clearly err in finding no wilful noncompliance by the Muslehs.

Finally, on the basis of partial performance with no wilful noncompliance, the district court did not abuse its discretion by dismissing the matter without prejudice. State Farm relies on cases involving much different factual circumstances to argue for a with-prejudice dismissal. One of the insurer's purported supporting cases actually represents an opposite result, where the Michigan Supreme Court found no failure to comply by an insured who would have participated in an examination under oath if permitted to have his attorney with him. *See Gordon v. St. Paul Fire & Marine Ins. Co.*, 163 N.W. 956, 960 (Mich. 1917). Here, the facts reflect an effort by the Muslehs to comply with the policy's condition precedent. While the Muslehs should have complied fully in the first place, the district court did not abuse its discretion in choosing a without-prejudice dismissal to afford them further opportunity to do so.

**III.**

State Farm additionally "alerts this court" that the instant appeal may be moot anyway because the Muslehs cannot now refile their lawsuit compliant with the statute of limitations, but the insurer has not requested any relief based on its contention of possible mootness. Under both federal and Michigan rules, a statute of limitations defense constitutes an affirmative defense, which the insurer would raise, if desired, at the appropriate time. *See Campbell v. Grand Trunk W. Railroad Co.*, 238 F.3d 772, 775 (6th Cir. 2001); *Walters v. Nadell*, 751 N.W.2d 431, 438 (Mich. 2008). We decline State Farm's implied invitation to make an advisory ruling on an affirmative defense that

No. 11-1097
*Musleh v. State Farm*

might be raised if parties refile a lawsuit in the future. *See Camreta v. Greene*, 131 S. Ct. 2020, 2038

(2011).

**AFFIRMED.**