SMITHAM v STATE FARM FIRE AND CASUALTY COMPANY

Docket No. 304600. Submitted June 6, 2012, at Detroit. Decided August 9, 2012, at 9:00 a.m.

Geraldine Smitham and John Yun, who acted as a limited guardian for Smitham's financial affairs, brought an action in the Oakland Circuit Court against State Farm Fire and Casualty Company, alleging that defendant had breached an insurance contract by failing to reasonably investigate Smitham's claim, failing to act in good faith, and failing to fully pay Smitham's claim for benefits in a timely manner. Smitham lost personal property during a robbery and the following day, February 28, 2008, she filed a claim with defendant under her applicable fire insurance policy. On August 7, 2008, defendant denied the claim citing Smitham's failure to submit certain documents, but on June 26, 2009, it reopened the claim. Defendant again denied liability in a letter dated June 4, 2010. Defendant later sent Smitham a check for a small part of her claimed loss. Under the fire insurance policy, Smitham had one year in which to commence an action, but in the event a claim was formally denied, in whole or in part, the period of time in which suit could be commenced against defendant was extended by the number of days between the date the notice of loss was provided to defendant and the date the claim was formally denied. Plaintiffs brought suit on October 29, 2010, and defendant moved for summary disposition on the basis that the claim was barred by the one-year limitations period specified in the policy. The court, Rudy J. Nichols, J., ruled in favor of defendant, holding that plaintiffs' action was not timely filed. Plaintiffs appealed.

The Court of Appeals *held*:

1. MCL 500.2833(1)(q) requires that a policy of fire insurance specify that an action must be commenced within one year after the loss or within the time specified in the policy, whichever is longer, and states that the time for commencing an action is tolled from the time the insured notifies the insurer of the loss until the insurer formally denies liability. In this case, defendant asserted that plaintiffs' complaint was barred by the policy's one-year limitations period because Smitham's claim was paid, not denied, and thus, the tolling provision could not save the lawsuit. The

policy language at issue, which conditioned tolling on formal denial of liability, was absolutely void under MCL 500.2860 because it was not compatible with the statutorily mandated tolling provision. The statutory language includes no condition limiting its applicability to situations in which there is a formal denial of liability. The reference in the statutory language to a formal denial of liability is to a period in time, it is not a condition on applicability.

2. When an insurer denies a claim and then agrees to reopen it, the initial denial is effectively withdrawn. In this case, defendant argued that, regardless of the validity of its policy language concerning tolling, plaintiffs' claim was still untimely under the statutory limitations period. However, its calculation of the running of the limitations period assumed that the period between its initial denial of the claim and its reopening of the claim counted against the one-year period, but the reopening of the claim effectively withdrew the initial denial. A formal denial of an insurance claim must be explicit and direct. Tolling may occur with respect to an action for underpayment of a claim, and an insured's awareness of the amount of a payment does not establish a formal denial of the claim. Defendant's partial payment in this case was not an explicit and direct formal denial as was required to end tolling the tolling period. To end the tolling period following a partial payment, the insurer must explicitly indicate that it is denying all liability in excess of what it has paid.

3. Under MCL 500.2833(1)(m), Michigan fire insurance policies must state that if the insured and the insurer fail to agree on the actual cash value or amount of the loss, either party may make a written demand that the amount of the loss or the actual cash value be set by appraisal. Invocation of the appraisal process is discretionary. Accordingly, plaintiffs' failure to use the appraisal process in this case to challenge defendant's loss evaluation did not provide a basis for granting summary disposition in favor of defendant.

Reversed and remanded for further proceedings.

1. INSURANCE — FIRE INSURANCE — PERIOD OF LIMITATIONS — TOLLING — FORMAL DENIAL OF LIABILITY.

Michigan policies of fire insurance must specify that an action must be commenced within one year after the loss or within the time specified in the policy, whichever is longer, and that the time for commencing an action is tolled from the time the insured notifies the insurer of the loss until the insurer formally denies liability;

policy language that conditions tolling on the formal denial of liability, however, is absolutely void (MCL 500.2833[1][q], MCL 500.2860).

2. INSURANCE — FIRE INSURANCE — FORMAL DENIAL OF LIABILITY — UNDERPAY-MENT.

Tolling may occur with respect to an action for underpayment of a claim for fire insurance proceeds, and an insured's awareness of the amount of a payment does not establish a formal denial of the claim; rather, to end the tolling period following a partial payment, the insurer must explicitly indicate that it is denying all liability in excess of what it has paid (MCL 500.2833[1][q]).

3. INSURANCE — DENIAL OF LIABILITY — REOPENING OF CLAIM.

When an insurer denies a claim and then agrees to reopen it, the initial denial is effectively withdrawn.

*Cooper Law Firm, PLLC* (by *John J. Cooper*), for Geraldine Smitham and John Yun.

*Drake & Franco, PLC* (by *Patrick J. Drake*), for State Farm Fire and Casualty Company.

Before: JANSEN, P.J., and CAVANAGH and HOEKSTRA, JJ.

JANSEN, P.J. Plaintiffs appeal by right an order granting summary disposition to defendant under MCR 2.116(C)(7). The trial court granted summary disposition on the basis that plaintiffs' action for breach of an insurance policy was untimely filed. We hold that the language of the insurance policy written by defendant, which conditions the tolling of the period in which plaintiffs were eligible to file a claim on defendant's formal denial of liability, is incompatible with the plain language of MCL 500.2833(1)(q); accordingly, that portion of defendant's policy is absolutely void under MCL 500.2860. We therefore conclude that the trial court erred by granting summary disposition to defendant and reverse and remand for further proceedings consistent with this opinion.

I. FACTS AND PROCEDURAL HISTORY

The parties essentially agree on the facts and key dates. Plaintiff Geraldine Smitham[1] occupied an apartment in Troy, Michigan with her daughter. On February 27, 2008, Smitham's personal property was stolen from her apartment during a robbery. The following day, Smitham and her daughter filed a claim with defendant. On August 7, 2008, State Farm denied the claim for failure to submit a "Sworn Statement in Proof of Loss" and completed "Personal Property Inventory" forms.

On June 26, 2009, defendant reopened the claim.[2] On July 21, 2009, in a letter, defendant sent plaintiffs copies of past letters concerning the claim and personal property inventory forms.

In a June 4, 2010, letter from defendant to Smitham's daughter, defendant denied liability on the basis that Smitham misrepresented and concealed material facts and committed fraud. The letter states, in relevant part, "You are hereby notified the company formally denies any and all liability to you under the policy . . . ."

With an August 3, 2010, letter, defendant enclosed a "settlement draft totaling $4,700.00 . . . ." The letter states:

> Enclosed is the settlement draft totaling $4,700.00 in reference to your personal property claim.
>
> We have received correspondence from the law firm of Ahern and Fleury indicating that they no longer need to be

---

[1] Plaintiff John Yun was appointed by the Oakland County Probate Court as limited guardian for Smitham's financial affairs.

[2] In its motion for summary disposition, defendant claimed that June 26, 2009, was the date that Smitham requested the claim be reopened. Plaintiffs' response brief indicated that it had no reason to deny that June 26, 2009, was the date Smitham requested the claim be reopened.

listed as a payee on the draft. Enclosed is a copy of the prior correspondence forwarded to you on June 9, 2010.

Please contact me at the number below should you have any questions.

According to defendant's motion for summary disposition, the check "was returned for unknown reasons[.]" A second check was issued on October 12, 2010. Smitham and her attorney signed the check and it was cashed on October 22, 2010. The signing and cashing occurred after Smitham's attorney "had a conversation with counsel for the Defendant as well as a representative of the Defendant as it relates to the settlement amount."

Plaintiffs filed this action on October 29, 2010. In their complaint, plaintiffs alleged that Smitham notified defendant of the loss and delivered satisfactory proof, but that defendant had paid only "a small amount due on the claim."[3] Plaintiffs alleged that defendant had breached the insurance contract by failing to reasonably investigate Smitham's claims, failing to act in good faith, and failing to timely pay her claim.

In its answer, defendant asserted that it had paid all money due on Smitham's claim. As an affirmative defense, defendant alleged that plaintiffs' suit was barred by the one-year limitations period in the insurance policy, inasmuch as the loss had occurred in February 2008, and plaintiffs did not file their complaint until October 29, 2010.

Defendant filed a motion for summary disposition under MCR 2.116(C)(7) on March 22, 2011. Defendant contended that the tolling provision required by MCL

---

[3] At oral argument, plaintiffs' attorney indicated that, in plaintiffs' estimation, the total amount of loss was between $90,000 and $150,000.

500.2833(1)(q) was inapplicable because it had paid the claim. In addition, defendant argued that even if tolling applied, the claim was untimely. Defendant calculated that 323 days elapsed from its initial denial on August 7, 2008, until the reopening of the claim on June 26, 2009. Then defendant calculated that the limitations period began to run again on August 4, 2010, the date when Smitham was "made aware of the payment amount . . . ." Accordingly, defendant argued that the complaint needed to have been filed "no later than September 15, 2010."

The trial court agreed with defendant, ruling that plaintiffs' action was untimely because it was not commenced within one year after the loss. Accordingly, the trial court granted summary disposition in favor of defendant. This appeal followed.

## II. STANDARD OF REVIEW

"This Court reviews the grant or denial of summary disposition de novo to determine if the moving party is entitled to judgment as a matter of law."[4] Summary disposition is proper under MCR 2.116(C)(7) when a claim is barred "because of . . . [a] statute of limitations . . . ."

> A party may support a motion under MCR 2.116(C)(7) by affidavits, depositions, admissions, or other documentary evidence. If such material is submitted, it must be considered. MCR 2.116(G)(5). Moreover, the substance or content of the supporting proofs must be admissible in evidence. . . . Unlike a motion under subsection (C)(10), a movant under MCR 2.116(C)(7) is not required to file supportive material, and the opposing party need not reply with supportive material. The contents of the complaint

---

[4] *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999).

are accepted as true unless contradicted by documentation submitted by the movant.[5]

III. ANALYSIS

MCL 500.2833(1)(q) requires that a policy of fire insurance[6] specify

> [t]hat an action under the policy may be commenced only after compliance with the policy requirements. An action must be commenced within 1 year after the loss or within the time period specified in the policy, whichever is longer. The time for commencing an action is tolled from the time the insured notifies the insurer of the loss until the insurer formally denies liability.

The parties agree that Smitham notified defendant of the loss. Plaintiffs contend that after the reopening of the claim on June 26, 2009, defendant's August 2010 settlement draft alone was not a formal denial of liability and, therefore, the tolling period never concluded.

Defendant relies on the limitations period in the policy. Defendant's policy states, in relevant part:

> In the event a claim is formally denied, in whole or in part, the period of time in which a suit or action may be commenced against the company is extended by the number of days between the date the notice of the loss is provided to the company and the date the claim is formally denied.

According to the policy, tolling is applicable only "[i]n the event a claim is formally denied . . . ." Thus, defendant argues, if the insurer does not formally deny a

---

[5] *Id.* at 119.

[6] Although this case addresses the loss of personal property resulting from theft, the parties agree that plaintiff's insurance policy was a fire insurance policy and that MCL 500.2833(1)(q) controls here.

claim, then the tolling described in the policy is inapplicable, and the claim must be filed within one year. Defendant asserts that it never formally denied the claim; rather, it paid it. Therefore, defendant contends that tolling was inapplicable and the action was barred by the one-year time limit. We disagree.

Defendant's arguments are comparable to those rejected by the United States District Court for the Eastern District of Michigan in *Jimenez v Allstate Indemnity Company*.[7] That decision also involved an alleged underpayment of a claim and the application of MCL 500.2833(1)(q). The Allstate policy at issue in *Jimenez* stated, "In the event we formally deny liability, the time for commencing a suit or action is tolled from the time you notify us of the loss until we formally deny liability."[8] The insured suffered a loss in June 2006 and submitted a claim four days later. On November 20, 2006, the insurer sent a check for $48,000, with an accompanying letter that stated it was awaiting verification of lost rent and some receipts. The insured cashed the check on December 6, 2006, but sought additional payment. On February 2, 2007, the insurer sent a letter to the insured stating that it was standing by its previous evaluation of the property.[9] The insured filed his action on October 22, 2007. The insurer argued that it had never denied liability, formally or otherwise.[10] The insurer contended that under the policy and the mandatory statutory provision, tolling was conditioned on a formal denial of liability, and therefore, the action was not timely filed.[11]

---

[7] *Jimenez v Allstate Indemnity Co*, 765 F Supp 2d 986 (ED Mich, 2011).

[8] *Id.* at 990 (quotation marks omitted).

[9] *Id.* at 989-990.

[10] *Id.* at 992.

[11] *Id.* at 994.

The district court rejected the position that the insurer had never denied liability. On the basis of *Bourke v North River Insurance Company*,[12] the court first reasoned that "denial of liability" did not mean "denial of coverage."[13] The court explained that Bourke "demonstrates that denial of liability is broader than denial of coverage, and includes underpayment of a claim. In other words, a denial of liability includes a denial of any *further* liability . . . ."[14] However, a *formal* denial such as is necessary to end tolling must be explicit and unequivocally impress upon the insured the need to pursue further relief in court.[15] Addressing the facts of the case, the court reasoned that the insurer's issuance of a check to the insured was not a formal denial because the accompanying letter implied that the insured would consider making additional payments if additional materials were submitted.[16] The court instead determined that the insurer formally denied liability with the February 2, 2007, letter, which the court opined was "sufficient to place Jimenez on notice that Allstate would not supplement its payment of $48,000, and that Jimenez's next move was a lawsuit."[17]

---

[12] *Bourke v North River Ins Co*, 117 Mich App 461; 324 NW2d 52 (1982). In *Bourke*, the insurers disputed the insured's damages and the timeliness of the insured's action against one insurer depended on whether it had formally denied the claim.

[13] *Jimenez*, 765 F Supp 2d at 990-991.

[14] *Id*. at 991.

[15] *Id*. at 991-992, citing *Mt Carmel Mercy Hosp v Allstate Ins Co*, 194 Mich App 580, 587; 487 NW2d 849 (1992), vacated in part on other grounds in *Mt Carmel Mercy Hosp v Allstate Ins Co (On Rehearing)*, unpublished opinion per curiam, issued March 22, 1993 (Docket No. 119978); *Lewis v Detroit Auto Inter-Ins Exch*, 426 Mich 93, 101; 393 NW2d 167 (1986), overruled on other grounds by *Devillers v Auto Club Ins Ass'n*, 473 Mich 562; 702 NW2d 539 (2005).

[16] *Jimenez*, 765 F Supp 2d at 992 n 3.

[17] *Id*. at 992.

The court calculated that the action was timely filed because the one-year period was tolled from the date that the insured provided notice (June 15, 2006) to the date that the insurer formally denied further liability (February 2, 2007).

But according to the *Jimenez* court, even if the insurer had never formally denied liability, the claim was timely because the policy language that conditioned tolling on a formal denial was void. The insurer argued, as defendant does in this case, that the policy conditioned tolling on the insurer's formal denial of liability. The *Jimenez* court agreed with this interpretation of the policy and then explained why the policy language conflicted with the statutorily mandated tolling provision:

> Although Allstate's limitation provision is similar to the mandatory statutory provision, it differs in one very important respect. Allstate's tolling provision is made conditional upon Allstate formally denying liability: "*In the event we formally deny liability*, the time for commencing a suit or action is tolled from the time you notify us of the loss until we formally deny liability." The statutory provision, by contrast, includes no condition on tolling: "The time for commencing an action is tolled from the time the insured notifies the insurer of the loss until the insurer formally denies liability." The two provisions are irreconcilable, as demonstrated by the different outcomes produced here depending on which provision is applied:
>
> • Applying the statutory provision, the period is tolled from the time of notice until Allstate formally denies liability. Since Allstate has yet to do so,[18] the period never expired before Jimenez filed suit, making the action timely.
>
> • Applying Allstate's provision, however, the period has never been tolled because Allstate did not formally deny

---

[18] This discussion occurs in the portion of the opinion in which the court assumed arguendo that the insurer did not formally deny liability.

liability. The one-year period expired one year after the loss, well before Jimenez filed his action, making it untimely.

\* \* \*

Unlike the contractual provision, the mandatory provision contains no language that limits its applicability to situations where there is a formal denial of liability; it applies in *all* cases, whether or not there is a formal denial of liability. The reference to "formal denial of liability" at the end of the third sentence refers to a period in time, not a condition upon applicability: "The time for commencing an action is tolled from the time the insured notifies the insurer of the loss *until* the insurer formally denies liability."[19]

The court further rejected the insurer's argument that a ruling that allowed tolling with respect to an action for underpayment of a claim would cause the absurd result that the period for suing for an alleged underpayment would remain open indefinitely.[20] The court explained:

[T]he Court's reading of the statute does not lead to absurd results. It is entirely reasonable to require a formal denial in order to re-trigger the running of the one-year period. If Allstate wants the limitation period to continue running after it pays its estimate of the loss, it can simply notify the insured in no uncertain terms that it is denying all liability in excess of what has paid [sic], thereby placing the insured on clear notice that the limitation period has resumed running. The Court finds misplaced Allstate's fear that the court's reading will allow an insured to submit a claim, accept payment, ignore the appraisal provision, and then file suit years later alleging underpayment. If Allstate wants to avoid this possibility, it need only

---

[19] *Jimenez*, 765 F Supp 2d at 993-994, quoting MCL 500.2833(1)(q) (emphasis added in *Jimenez*).

[20] *Jimenez*, 765 F Supp 2d at 994-995.

explicitly tell the insured that it is formally denying all further liability or otherwise expressly indicate that no future payments will be made. Travelers did this in *Bourke*, and thereby avoided indefinite liability.[21]

Having concluded that the policy language was contrary to the provision mandated by MCL 500.2833(1)(q), the court explained that the policy provision was "absolutely void"[22] and the statutory provision would be read into the policy.

> Contractual provisions that are contrary to the mandatory provisions are "absolutely void," and the policy is enforced without regard to the void provision, as if the mandatory provision were expressly included in the policy. [MCL 500.2860]; *see, e.g., Randolph* [*v State Farm Fire & Cas Co*, 229 Mich App 102, 105-107; 580 NW2d 903 (1998)] (finding that contractual limitations provision that did not provide for tolling was void, and mandatory limitation provision allowing tolling was substituted by operation of law); see also *Rory* [*v Continental Ins Co*, 473 Mich 457, 470; 703 NW2d 23 (2005)] (unambiguous contractual provision providing for a shortened period of limitations must be enforced as written *unless the provision would violate law* or public policy).

> \* \* \*

> Applying the statutory provision in [MCL 500.2833(1)(q)], Jimenez's claim is not barred. Again, without the clause "in the event we formally deny liability" preceding the tolling provision, tolling occurs from the time notice of the loss is given until there is a formal denial of liability. Because, as the Court presently assumes, Allstate

---

[21] *Id.* at 995.

[22] MCL 500.2860 ("Any provision of a fire insurance policy, which is contrary to the provisions of this chapter, shall be absolutely void, and an insurer issuing a fire insurance policy containing any such provision shall be liable to the insured under the policy in the same manner and to the same extent as if the provision were not contained in the policy.").

has not formally denied liability, the one-year period was tolled from June 15, 2006, when Jimenez gave notice—at which time only four days of the one-year period had elapsed—until the time he filed his lawsuit. Therefore, his action was timely.[23]

Although this Court is not bound to follow *Jimenez*, it has long been recognized that when a federal court construes a state statute, its opinions are highly persuasive.[24] Accordingly, we hold that *Jimenez* offers persuasive reasons for concluding that the trial court erred by granting defendant's motion for summary disposition. In arguing that tolling was inapplicable here, defendant relies on the language of the policy that conditions tolling on a formal denial of liability, which defendant contends did not occur because defendant paid the claim. However, the policy language is not compatible with the statutorily mandated provision, which is not conditional. Because the provision is contrary to the statute, it is absolutely void.[25] Concluding that tolling may occur with respect to an action for underpayment of a claim is reasonable, as an insurer may end the tolling period by explicitly indicating that the insurer is denying all liability in excess of what it has paid.

Defendant argues that under *Rory*[26] the unambiguous contractual provision must be enforced as written. We disagree. The Court in *Rory* acknowledged that a contractually shortened limitations period is unenforceable if it violates the law or public policy.[27] The contrac-

---

[23] *Jimenez*, 765 F Supp 2d at 993-994.

[24] *Continental Motors Corp v Muskegon Twp*, 365 Mich 191, 194; 112 NW2d 429 (1961).

[25] MCL 500.2860.

[26] *Rory*, 473 Mich 457.

[27] *Id.* at 470.

tual provision in defendant's policy restricts tolling in a manner that is simply incompatible with the tolling provision mandated by MCL 500.2833(1)(q). Accordingly, the contractual provision, though unambiguous, conflicts with the plain language of the statute, and is unenforceable.

Defendant also asserts that even if tolling is applicable, plaintiffs' claim is time-barred. In its motion for summary disposition, defendant explained the calculation underlying this assertion:

> Although Defendant argues that the tolling period is inapplicable because the claim was paid, Defendant also argues the claim is time barred under any analysis. More specifically, the claim was denied for non-cooperation on August 7, 2008 and re-opened on June 26, 2009, which time period equals 323 days. The settlement check was mailed to the Plaintiff on August 4, 2010 and again on August 12, 2010. Clearly, Plaintiff was made aware of the payment amount no later than August 4, 2010. Accordingly, Plaintiff's Complaint, in order to comply with the limitations period, must have been filed no later than September 15, 2010. (323 days from August 7, 2008 until June 6 [sic—26], 2009 and 43 days from August 4, 2010 until September 15, 2010). Instead, Plaintiff filed suit on October 29, 2010 . . . . Under any analysis, Plaintiff's Complaint is time barred.

This argument is echoed in defendant's brief on appeal.

The calculation is based on two questionable premises. First, defendant's calculation assumes that the period from the initial denial to the reopening of the claim (323 days) should be counted against the one-year period.[28]

---

[28] Defendant's assertion that the 323 days should be counted against the one-year period directly conflicts with the following statement from its appellate brief: "State Farm acknowledges that the limitations period was tolled until the claim was reopened."

However, when an insurer denies a claim and then agrees to reopen it, the initial denial is effectively withdrawn.[29]

Second, defendant's argument assumes that Smitham's awareness of the amount of defendant's payment was sufficient to end the tolling period.[30] Pursuant to MCL 500.2833(1)(q), tolling begins with the notice of loss and ends when the insurer formally denies the claim. Moreover, "under this state's jurisprudence, a 'formal denial' must be explicit and direct."[31] An insured's awareness of the amount of the payment, by itself, does not establish a formal denial of the claim. As suggested in *Jimenez*, the insurer retriggers the running of the one-year period by "notify[ing] the insured in no uncertain terms that it is denying all liability in excess of what [it] has paid, thereby placing the insured on clear notice that the limitation period has resumed running."[32]

Finally, we note that the trial court alluded to plaintiffs' failure to use the appraisal process to challenge defendant's evaluation of the loss. In defendant's brief on appeal, defendant does not mention the appraisal

---

[29] See *McNeel v Farm Bureau Gen Ins Co of Mich*, 289 Mich App 76, 86-87; 795 NW2d 205 (2010) (finding a question of fact about when the formal denial occurred in light of evidence that the insurer withdrew its denial while it reinvestigated the claim).

[30] Defendant refers in its brief and motions to a conversation between plaintiffs' counsel, defendant's counsel, and a representative that purportedly occurred before Smitham cashed the check. The parties have not supplied any evidence about the substance of the conversation, and we therefore have no basis for evaluating whether the conversation is relevant to whether and when a formal denial occurred.

[31] *McNeel*, 289 Mich App at 111 (K. F. KELLY, J., dissenting), citing *Mt Carmel Mercy Hosp*, 194 Mich App at 587, and *Mousa v State Auto Ins Cos*, 185 Mich App 293, 295; 460 NW2d 310 (1990). See also *Jimenez*, 765 F Supp 2d at 991-992.

[32] *Jimenez*, 765 F Supp 2d at 995.

process, much less argue that it is relevant to tolling. Plaintiffs, however, correctly argue that invocation of the appraisal process is discretionary;[33] accordingly, plaintiffs' failure to use the appraisal process to challenge defendant's loss evaluation can hardly be a basis for granting summary disposition to defendant. Moreover, there is no basis for concluding that failure to invoke it affects the timeliness of an action for alleged underpayment of a claim.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

CAVANAGH and HOEKSTRA, JJ., concurred with JANSEN, P.J.

---

[33] MCL 500.2833(1)(m).