NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0139n.06

Case No. 13-1643

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Feb 18, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| YAZAN MUSLEH and HUDA MUSLEH, | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| STATE FARM FIRE & CASUALTY CO., | ) | MICHIGAN |
| | ) | |
| Defendant-Appellee. | ) | |

**BEFORE: SUTTON, McKEAGUE, and WHITE, Circuit Judges.**

**HELENE N. WHITE, Circuit Judge**. Yazan and Huda Musleh appeal the district court's grant of summary judgment to State Farm and denial of their motion for reconsideration and for leave to amend their complaint. We AFFIRM.

**I.**

This case is before this court for the second time. The Muslehs filed their first breach of contract action in March 2010, seeking to recover under their homeowners insurance policy for damages caused by a March 2008 fire at their home in Hamtramck, Michigan. State Farm, their insurer, moved for summary judgment, asserting that the Muslehs failed to comply with one of the policy's pre-conditions to filing suit. The district court dismissed the action without prejudice, explaining that

> [a]t the time Plaintiffs commenced this action, Defendant had requested, but not received many relevant documents, among which were *complete* copies of Plaintiffs' Federal income tax returns for tax years 2005-07 (partial copies had been supplied), Plaintiffs' Michigan income tax returns for tax years 2005-07, Federal income tax returns for Yazan's Service Plaza for tax year 2007, and Michigan income tax returns for Yazan's Service Plaza for tax years 2005-07. Although other documents were also requested, these few listed documents would appear to represent a minimally necessary core of information upon which Defendant could take the next step in its investigation of a possible motive to commit fraud. By failing to produce these basic financial documents, Plaintiffs effectively prevented Defendant from completing its examination of the claim.

> . . . . Plaintiffs failed to produce tax returns and other highly relevant financial documents. Plaintiffs did not expressly state, in their response [to State Farm's summary-judgment motion] or at the [December 6, 2010] hearing that they were unable to deliver the requested documents. Instead, it is undisputed that Plaintiffs agreed on several occasions to provide the documents, but there is no evidence presented that would permit a jury to find that they in fact so produced. Although Plaintiffs have produced voluminous materials for Defendant's review, they were contractually obligated to produce all documents reasonably requested by Defendant. Substantial performance of the contract required them to cooperate with Defendant's reasonable investigation, for which the tax documents, among others, were necessary.

PID 560-61 (emphasis in original).

After the first action was dismissed without prejudice, the Muslehs' attorney, by letter dated December 14, 2010, requested that State Farm specify the documents it had not yet received. PID 78, 223–24. State Farm did not respond, but rather, moved for reconsideration of the district court's without-prejudice determination. PID 224. The district court denied reconsideration and State Farm appealed to this court, arguing that the dismissal should have been with prejudice. PID 80–84. A panel of this court affirmed in an unpublished opinion. *Musleh v. State Farm Fire & Cas. Co.*, 485 F. App'x 79, 80 (6th Cir. 2012) (concluding that "on the basis of partial performance with no wilful noncompliance, the district court did not abuse its discretion by dismissing the matter without prejudice.")

2

State Farm responded to a second letter from the Muslehs' attorney requesting identification of the missing documents by letter dated July 2, 2012, referring the Muslehs to the district court's December 2010 order, quoted *supra*, which listed the documents minimally required of them to comply with the policy conditions, and to the list of documents attached to its motion for summary judgment. PID 90. The Muslehs' attorney sent a third and final letter on July 23, 2012, again requesting a list of documents that would satisfy State Farm, and stating that if State Farm did not provide such a list within fourteen days, the Muslehs would consider the policy requirement to produce documents waived. PID 92-94. State Farm responded on July 26, 2012 that its position was set forth in its July 2, 2012 letter and remained unchanged, and that it considered the matter closed. PID 96.

## II. THE INSTANT ACTION

The Muslehs filed this second breach of contract action against State Farm on August 30, 2012, seeking a statutory appraisal of the loss, damages, and penalty interest. PID 225. State Farm moved for summary judgment on statute of limitations grounds. The district court granted the motion, holding that because the Muslehs had not submitted additional documents to State Farm following entry of its December 2010 order dismissing the first action without prejudice, the statute of limitations had not been re-tolled and the second action was time barred.

The Muslehs moved for reconsideration on November 27, 2012, alleging palpable error in the grant of summary judgment to State Farm. PID 235. In that motion, they asserted for the first time that State Farm had received the requested documents on November 3, 2010 (i.e., before the hearing on State Farm's summary judgment motion in the first action), and that their second action was therefore timely, either because State Farm did not formally deny their claim a

3

second time or because if State Farm denied their claim at all it did so on July 26, 2012. The Muslehs also sought leave to amend their complaint to reflect this November 2010 production date. *Id.*

The district court denied the motion for reconsideration based on the law-of-the-case doctrine, observing that its December 2010 order found that the Muslehs had not produced the documents State Farm required and that because the Muslehs did not challenge this finding by a motion for reconsideration or an appeal to the Sixth Circuit, they could not now attempt to re-litigate that finding. PID 295–96.

**A.**

We review the grant of summary judgment *de novo. Tate v. Boeing Helicopters*, 55 F.3d 1150, 1153 (6th Cir. 1995). Summary judgment is proper where there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). We view evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor. *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003).

Although this Court generally reviews a district court's denial of a motion to reconsider for abuse of discretion, where a party files a motion for reconsideration of a decision granting summary judgment it is reviewed *de novo. Medical Mut. of Ohio v. K. Amalia Enter. Inc.*, 548 F.3d 383, 389-90 (6th Cir. 2008). However, we review a district court's refusal to consider evidence produced for the first time on a motion for reconsideration for abuse of discretion. *Id.* at 390.

Michigan substantive law applies in this diversity case. *Stalbosky v. Belew*, 205 F.3d 890, 893 (6th Cir. 2000). The insurance policy at issue provides that an action must be instituted

within one year of the date of loss. PID 92 (Docket No. 2:10-11344, 2010 action). Michigan

law governing fire insurance policies provides

> [t]hat an action under the policy may be commenced only after compliance with the policy requirements. An action must be commenced within 1 year after the loss or within the time period specified in the policy, whichever is longer. The time for commencing an action is tolled from the time the insured notifies the insurer of the loss until the insurer formally denies liability.

Mich. Comp. Laws § 500.2833(1)(q). The statute of limitations is also tolled when a complaint

is filed. Mich. Comp. Laws § 600.5856(a).

## B.

The Muslehs informed State Farm of the loss on March 21, 2008, which began tolling the

statute of limitations. Tolling ended on May 7, 2009, when State Farm mailed a letter formally

denying the Muslehs' claim. *See Saad v. Citizens Ins. Co. of Am.*, 576 N.W.2d 438, 440 (Mich.

Ct. App. 1998) (Under Michigan law, an insurer formally denies liability when it mails the

notice of denial to the insured.) The statute of limitations ran from May 7, 2009 until the

Muslehs filed the first action on March 18, 2010, at which time forty-nine days remained in the

statutory limitations period. Because a dismissal without prejudice is not an adjudication on the

merits, Mich. Comp. Laws § 600.5856(a) applies to toll the statute of limitations during the

pendency of the first action. *See Yeo v. State Farm Fire & Cas. Co.*, 618 N.W.2d 916 (Mich. Ct.

App. 2000) (*Yeo II*). There was tolling from March 18, 2010, when the Muslehs filed their first

action in state court, until the district court dismissed the first action without prejudice. The

district court determined that tolling stopped on January 5, 2011, the date it denied State Farm's

motion for reconsideration in the first action. PID 227-28 (Docket No. 2:12-cv-13843, 2012

action). The exact date on which tolling ended is of no moment, however, because the Muslehs

did not submit the required documents within forty-nine days of either the denial of State Farm's motion to reconsider or of this court's affirmance of the district court's dismissal of the first action without prejudice (June 18, 2012).

We must reject the Muslehs' argument that they were unable to comply with the policy in light of State Farm's refusal to specify which requested documents they had not produced. The district court's December 2010 order listed the minimally required core of documents the Muslehs had to submit to State Farm in order to comply with the policy's pre-condition to filing suit, and the court's November 2012 order dismissing the second suit with prejudice concluded that the Muslehs "have not given [State Farm] any of the missing documents following [the December 2010] denial." State Farm did not thwart efforts to provide the documents. Although the district court's order denying State Farm's motion for reconsideration in the first action could be understood as addressing only documents the Muslehs produced *before* instituting the first action, the court's order dismissing the first action refers to events that occurred after that action was filed, and the order dismissing the Muslehs' second action makes clear that in dismissing the first action without prejudice the district court *had* considered all documents the Muslehs submitted to State Farm up to the December 2010 hearing on State Farm's first motion for summary judgment. We will not reinterpret the district court's orders under these circumstances.

## C.

The Muslehs mistakenly rely on *Smitham v. State Farm Fire & Cas. Co.*, 824 N.W.2d 601 (Mich. Ct. App. 2012), as supporting the proposition that State Farm was required to formally deny their claim a second time in order to restart the statute of limitations. *Smitham* is distinguishable. Although the insured in *Smitham*, like the Muslehs, did not initially comply

with policy conditions, unlike the Muslehs, the insured complied after State Farm denied the claim, and State Farm then reopened the claim. *Id*. at 606. *Smitham* held that the statute of limitations did not begin to run where State Farm agreed to reopen the claim, and that by reopening the claim, State Farm effectively withdrew its initial denial. *Id.*

Here, in contrast, the Muslehs did not comply with the policy condition by submitting the required documents following the dismissal without prejudice of the first action, thus the limitations period continued running. *See Yeo v. State Farm Fire & Cas. Co. (Yeo I)*, 555 N.W.2d 893, 895 (Mich. Ct. App. 1996) ("the failure to comply with [a condition precedent to filing an action] is not an absolute bar to recovery, but acts to suspend the right to recovery until the [condition is satisfied]"); *Yeo II*, 618 N.W.2d at 916—17 (the plaintiff's first action having been dismissed without prejudice, the statute of limitations was tolled from the time that the plaintiff submitted to an examination under oath until the defendant formally denied liability for the claim, but the action was nonetheless time barred because the statute of limitations expired after the insurer denied liability but before the plaintiff re-filed suit, the court observing that the plaintiff was not precluded from re-filing suit *during the pendency of the first appeal* because the impediment to recovery had disappeared), *id*. (emphasis added); *see also Vertex Int'l Mgmt. Servs., L.L.C. v. State Farm Fire & Cas. Co.*, No. 10-12637, at *2 (E.D. Mich. June 29, 2011) (observing that the limitations period begins to run again when an action is dismissed without prejudice and that the limitations period is tolled from the time the insured submits required documents until the insurer again denies the claim).

The Muslehs do not address how the statute of limitations was tolled following either the district court's January 5, 2011 denial of State Farm's motion for reconsideration in the first

action, or while State Farm's appeal to this court was pending, but rather, argue as though the

district court had modified its December 2010 order to agree with their position, which it did not.

## D.

We also reject the Muslehs' argument that the district court effectively prevented

adjudication of their case on the merits. Because they do not show how an amendment to their

complaint would raise a question of fact as to whether they produced any documents following

the district court's December 2010 order dismissing the first action without prejudice, the district

court did not err in denying leave to amend.

For these reasons, we AFFIRM the grant of summary judgment to State Farm and the

denial of the Muslehs' motion for reconsideration and for leave to amend their complaint.