*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

STONEY PARK PLACE, LLC,

   Plaintiff-Appellant,

v

BERKSHIRE HATHAWAY GUARD INSURANCE
COMPANIES and AMGUARD INSURANCE
COMPANY,

   Defendants-Appellees.

UNPUBLISHED
August 29, 2024

No. 368075
Macomb Circuit Court
LC No. 23-000928-CZ

Before: BOONSTRA, P.J., and CAVANAGH and PATEL, JJ.

PER CURIAM.

  Plaintiff appeals by right the trial court's order granting summary disposition in favor of defendants. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

  Plaintiff owns residential buildings for lease. Defendants[1] issued to plaintiff a businessowner's insurance policy that covered plaintiff's buildings (the policy). In March 2017, a storm caused interior and exterior damage to fifteen buildings leased by plaintiff. Plaintiff notified defendants of the damage on March 15, 2017. Defendants conducted an investigation into the loss, and on May 5, 2017, sent a letter to plaintiff stating that the amount of the covered loss was $37,612.57. The letter stated in relevant part that defendants disclaimed "any duty to fully indemnify" plaintiff "for claims related to this loss." The letter further stated that defendants "can only indemnify you [sic] the amount of $37,612.57 for all [sic] your locations that were affected because of this loss," made reference to a "denial" and "denial decision," and referred plaintiffs to

---

[1] It appears that AmGUARD Insurance Company is part of a family of companies that operate as Berkshire Hathaway GUARD Insurance Companies.

the policy's contractual limitations period for filing claims against defendants, as well as the policy's tolling provision.

In June 2017, plaintiff retained Globe Midwest Adjusters International (GMAI) to assist in presenting its claims to defendants. Plaintiff informed defendants of this retention by letter on June 6, 2017. In July 2017, GMAI sent a letter to defendants stating that plaintiffs did not agree with defendants' assessment of the amount of loss and demanding appraisal under the policy; the letter stated that Howard Mishne of GMAI would act as plaintiff's appraiser. Defendants replied by email on July 18, 2017, stating that appraisal was not available under the policy when coverage had been denied, and included an electronic copy of the May 5, 2017 denial letter.

On August 8, 2017, plaintiff signed a proof of loss form indicating that the covered loss was $37,612.57. On August 22, 2017, defendants sent plaintiff another denial letter reiterating that defendants would only indemnify plaintiff for the amount of $37,612.57 for their claimed losses from the storm in March. Defendants issued a check in that amount, and plaintiff cashed the check on August 30, 2017.

On September 25, 2017, Mishne emailed defendants regarding plaintiff's losses. Regarding the losses already claimed, Mishne stated "Please note that we do not agree with your roofing assessment, but are not disputing it any further." Mishne further advised defendants that plaintiff sought indemnity for interior damage and water damage to its buildings caused by the storm, and submitted documentation and an estimate regarding the amount of that loss. Defendants conducted an investigation into plaintiff's newly claimed loss, and on February 16, 2018, sent plaintiff a letter indicating that it had determined that $15,542.15 of the loss claimed by plaintiff was covered by the policy as new damage caused by the storm, rather than a pre-existing condition of the properties in question. This letter disclaimed any duty to indemnify plaintiff for claims beyond that amount, and again referred plaintiff to the portions of the policy concerning the limitations period for bringing legal action against defendants. Included with this denial letter was a proposed proof of loss form for plaintiff to sign and return. Plaintiff never submitted the form.

Plaintiff's attorney sent letters to defendants in June and September of 2018, requesting that defendants cover plaintiff's losses from the storm, and estimating that the replacement cost of plaintiff's losses was $911,625.00. The letters indicated that plaintiff would resort to litigation if defendants did not respond. Defendants did not respond.

Plaintiff filed suit for breach of contract on May 17, 2023. Defendants moved for summary disposition under MCR 2.116(C)(7) and (10), asserting that plaintiff's claims were barred by the limitations period set forth in the policy, and further arguing that plaintiff's claims regarding exterior damage were barred by the doctrine of accord and satisfaction. Plaintiff responded, arguing that its claim for breach of contract was tolled under the tolling provision of the policy because defendants had never formally denied liability for plaintiff's claimed losses, and denying that its claims were barred by accord and satisfaction.

The trial court decided defendants' motion without oral argument. The court issued an opinion and order granting defendants' motion, noting that it was undisputed that plaintiff had informed defendants of the loss on March 15, 2017, and that plaintiff had not filed suit until March 17, 2023. The trial court held that, contrary to plaintiff's argument, defendant's letters to

plaintiff denying coverage for any damages over a specific amount were denials of coverage; therefore, plaintiff's claims were not tolled under the policy's tolling provision after those denials were made. The trial court accordingly concluded that plaintiff's claims were barred by the limitations period of the policy, and granted defendants' motion under MCR 2.116(C)(7) and (10).

This appeal followed.

## II. STANDARD OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition. *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). Summary disposition is appropriate under MCR 2.116(C)(7) if a party's claim is barred by an applicable limitations period. *Odom v Wayne Co*, 482 Mich 459, 466; 760 NW2d 217 (2008). In reviewing motions under MCR 2.116(C)(7), this Court will accept the plaintiff's well-pleaded factual allegations as true unless contradicted by the parties' supporting affidavits, depositions, admissions, or other documentary evidence. *Id.* Summary disposition is appropriate under MCR 2.116(C)(10) "when the affidavits or other documentary evidence, viewed in the light most favorable to the nonmoving party, show that there is no genuine issue as to any material fact and the moving party is therefore entitled to judgment as a matter of law." *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 5; 890 NW2d 344 (2016).

We review de novo the interpretation of contract language. *Rory v Continental Ins Co*, 473 Mich 457, 464; 703 NW2d 23 (2005).

## III. ANALYSIS

Plaintiff argues that the trial court erred by holding that its claims were barred by the policy's limitations period. We disagree.

Insurance policies are permitted to contain provisions providing for a shortened period of limitations; such provisions, if unambiguous, are to be enforced as written unless the provision would violate law or public policy. *Rory v Continental Ins Co*, 473 Mich 457, 470; 703 NW2d 23 (2005).

In this case, the policy contains the following provision regarding legal action against defendants for claims under the policy:

**4. Legal Action Against Us**

No one may bring a legal action against us under this insurance unless:

**a.** There has been full compliance with all of the terms of this insurance; and

**b.** The action is brought within two years after the date on which the direct physical loss or damage occurred.

Additionally, an amendatory endorsement to the policy entitled "Michigan Changes" states in relevant part: "The time for commencing an action against us is tolled from the time you notify us of the loss or damage until we formally deny liability for the claim."

Regarding the limitations provision itself, it is undisputed that plaintiff failed to bring an action within two years of the date on which the loss occurred. Therefore, by the plain and unambiguous language of the policy provision, plaintiff is barred from bringing legal action against defendants under the policy, unless the time period is tolled. *Rory*, 473 Mich at 470. Notwithstanding the plain language of the provision, plaintiff argues that *defendants* may not rely on the limitations period because *they* allegedly failed to fully comply with the policy—specifically, plaintiff argues that defendants failed to respond appropriately to plaintiff's demands for an appraisal of the amount of the loss. Plaintiff's argument is nonsensical. The limitations provision provides two conditions that must be met *before defendants can be sued under the policy*. Plaintiff's argument that defendants did not comply with the policy, even if correct, is irrelevant to the determination of whether the limitations period bars plaintiff's claims. Nothing in the language of the provision requires defendants to fully comply with a demand for appraisal in order to assert the limitations period as a defense; indeed, at its most basic level, an action against defendants under the policy is a claim that defendants did *not* comply with the policy. See *Smitham v State Farm Fire & Cas Co*, 297 Mich App 537, 538; 824 NW2d 601 (2012) (concluding that a party's failure to invoke the appraisal process did not affect the determination of "the timeliness of an action for alleged underpayment of a claim."). Further, regardless of how the phrase "[t]here has been full compliance with all of the terms of this insurance" is interpreted, the fact remains that plaintiff's suit was filed well outside the two-year limitations period. Accordingly, plaintiff's claim could only be saved by the tolling provision, if at all.

The trial court did not err by determining that the limitations period was not tolled long enough for plaintiff's action to be timely. Plaintiff argues that defendants never formally denied liability for its claims, characterizing defendant's correspondence as a disagreement on the amount of the loss that should have been resolved by the appraisal process, not a denial of coverage. We disagree.

A formal denial by an insurer ends tolling "because it unequivocally impresses upon the insured that the extraordinary step of pursuing relief in court must be taken." *Encompass Healthcare, PLLC v Citizens Ins Co*, 344 Mich 248, 260; 998 NW2d 751 (2022) (quotation marks, citation, and alteration omitted). Such a denial must be "explicit and direct." *Smitham*, 297 Mich App at 551 (citation omitted). An insurer may end tolling by "notifying the insured in no uncertain terms that it is denying all liability in excess of what it has paid, thereby placing the insured on clear notice that the limitation period has resumed running." *Id.* (quotation marks, citation, and alteration omitted).

Defendants' correspondence with plaintiff on May 5, 2017 and February 16, 2018 clearly indicate that defendants denied *coverage* for plaintiff's claims over the amounts paid for exterior and interior damage. In its letter dated May 5, 2017, defendants informed plaintiff that their investigation had determined that some of the exterior damages claimed by plaintiff were not caused by the storm and therefore not covered under the policy; defendants accordingly denied liability in excess of what they had paid, and they explicitly reminded plaintiff of the limitations provision. Similarly, in its letter dated February 16, 2018, defendants informed plaintiff that its

investigation had determined that some of the interior damages claimed by plaintiff were not caused by the storm and therefore not covered under the policy. This letter also made it even more explicit that defendants were "in no uncertain terms . . . denying all liability in excess" of what they had paid. Despite plaintiff's argument to the contrary, it is clear that defendants denied *coverage* for certain losses claimed by plaintiffs. The appraisal process is a method for resolving disputes about the amount of a covered loss, not a method for determining whether a loss is covered under the policy. See *Auto-Owners Ins Co v Kwaiser*, 190 Mich App 482, 487; 476 NW2d 467 (1991). Accordingly, plaintiff's invocation of the appraisal process under the policy did not affect whether defendants had formally denied plaintiff's claims.[2]

The trial court correctly held that plaintiff's claims were barred by the limitations period of the policy, and therefore that summary disposition was appropriate. *Odom v Wayne Co*, 482 Mich at 466. Because we affirm the trial court on this ground, we need not address the parties' arguments concerning whether Mishne waived any challenge to the denial of coverage for exterior damages on behalf of plaintiff, or whether plaintiff's claim regarding those damages is barred by an accord and satisfaction.

Affirmed. As the prevailing parties, defendants may tax costs. MCR 7.219(A).

/s/ Mark T. Boonstra
/s/ Mark J. Cavanagh
/s/ Sima G. Patel

---

[2] We note that the appraisal provision in the policy provides that defendants still retain their right to deny a claim even after an appraisal has been done.