*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ALEXIS MARIA ALDRIDGE,

        Plaintiff-Appellee,

v

TREVOR ERIC ALDRIDGE,

        Defendant-Appellant.

UNPUBLISHED
June 09, 2026
10:17 AM

No. 371474
Ionia Circuit Court
LC No. 2024-036403-DM

Before: CAMERON, P.J., and BOONSTRA and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] the trial court's order denying his motion to transfer venue. The trial court entered a consent judgment of divorce while this appeal was pending. We dismiss the appeal as moot.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Defendant and plaintiff married on July 11, 2020 and have three children together. They lived in Newaygo County. The parties separated on February 26, 2024. Plaintiff moved to Ionia County and filed for divorce there on April 24, 2024. Defendant filed a timely motion to transfer venue to Newaygo County, where he continued to reside. The trial court denied the motion after a hearing. Defendant sought leave to appeal, and this Court granted the application.

On April 9, 2025, the trial court entered a consent judgment of divorce that included the following relevant provisions:

> *Pending Appeal.* There is a pending appeal with the Court of Appeals regarding venue. The parties stipulate that the entry of this Agreement shall not defeat jurisdiction of the Court of Appeals nor render the pending appeal moot.

---

[1] *Aldridge v Aldridge*, unpublished order of the Court of Appeals, entered February 14, 2025 (Docket No. 371474).

This agreement shall be binding on the parties and if the appeal is successful in the Defendant's favor, this judgment of divorce shall act as a settlement agreement. While the appeal is pending, this settlement agreement is enforceable by this Court.

\* \* \*

*Post-judgment enforcement.* The parties will perform their respective executory obligations with the utmost good faith. Either party may apply to this court for enforcement of the provisions of this judgment. Enforcement proceedings may be brought in Circuit Court or in District Court of Ionia, as applicable, subject to the ruling of the Court of Appeals on the pending venue issue.

\* \* \*

*Retention of jurisdiction.* The court specifically retains jurisdiction over this case and the parties for the purpose of assuring compliance with the executory provisions of this judgment and reserves the right to make such other and further orders as necessary to implement them.

\* \* \*

This judgment resolves the last pending claim and closes the case, except for any matter over which this court retains continuing jurisdiction by law. This provision is intended to comply with MCR 2.602(A)(3).

On May 13, 2026, we entered an order[2] directing the parties to be prepared at oral argument to address whether this appeal is moot and authorizing the parties to file supplemental briefs addressing that issue. In response, plaintiff filed a supplemental brief contending that this appeal is not moot. Defendant did not file a supplemental brief.

## II. MOOTNESS

### A. STANDARD OF REVIEW

"The applicability of a legal doctrine, such as mootness, is a question of law" that we review de novo. *TM v MZ*, 501 Mich 312, 315; 916 NW2d 473 (2018). Questions of law involving jurisdiction, venue, and the interpretation of contracts are also reviewed de novo. *In re Contempt of Pavlos-Hackney*, 343 Mich App 642, 667; 997 NW2d 511 (2022); *Reed v Reed*, 265 Mich App 131, 141; 693 NW2d 825 (2005).

### B. ANALYSIS

"Whether a case is moot is a threshold question that we address before reaching the substantive issues of a case." *Gleason v Kincaid*, 323 Mich App 308, 314; 917 NW2d 685 (2018).

---

[2] *Aldridge v Aldridge*, unpublished order of the Court of Appeals, entered May 13, 2026 (Docket No. 371474).

A case is moot if "a subsequent event makes it impossible for this Court to grant relief" because the case no longer "rest[s] upon existing facts or rights and presents nothing but abstract questions of law." *Id*. at 314-315. "Where a court's adverse judgment may have collateral legal consequences for a [party], the issue is not necessarily moot. When no such collateral legal consequences exist, . . . the case is moot and should ordinarily be dismissed without reaching the underlying merits." *In re Detmer/Beaudry*, 321 Mich App 49, 56; 910 NW2d 318 (2017). But even if a case is moot, this Court may reach the underlying merits if the issue "(1) is of public significance, (2) is likely to recur, and (3) may evade judicial review." *Gleason*, 323 Mich App at 315. This Court has previously held that a venue issue in a divorce case was moot because the parties had "already received their divorce." *Funk v Funk*, unpublished per curiam opinion of the Court of Appeals, issued April 2, 2015 (Docket No. 319467), p 1.[3]

In this case, the parties have "already received their divorce," *id*., but the consent judgment of divorce contains unique provisions purporting to preserve the venue issue for appellate review and to condition the parties' choice of venue for enforcement proceedings on the outcome of this appeal. "Consent judgments of divorce are contracts and treated as such." *Andrusz v Andrusz*, 320 Mich App 445, 452; 904 NW2d 636 (2017).

Despite the provisions of the consent judgment, we hold that this case is moot for three reasons. First, we are not bound by the parties' stipulation that the consent judgment does not render this appeal moot. "It is well established that a court is not bound by the parties' stipulations of law." *In re Estate of Finlay*, 430 Mich 590, 595; 424 NW2d 272 (1988). The issue of mootness is a question of law that we determine without any deference to proceedings in the lower court. *Reed*, 265 Mich App at 141. Even if the parties have agreed that the doctrine of mootness should not apply, "[i]t is within the inherent power of a court, as the judicial body, to determine the applicable law in each case." *In re Estate of Finlay*, 430 Mich App at 595.

Second, rendering a decision on the venue issue would have no practical effect because the case no longer rests upon existing facts or rights, now that the trial court has entered the consent judgment of divorce. The provision stating that "[e]nforcement proceedings may be brought in Circuit Court or in District Court of Ionia, as applicable, subject to the ruling of the Court of Appeals on the pending venue issue," creates only the illusion that our ruling on the issue would have any legal consequence. See *In re Detmer/Beaudry*, 321 Mich App at 56. The parties agreed to remain bound by the consent judgment as a settlement agreement even if defendant prevailed in this appeal, so our decision would not affect the outcome of the divorce. And by agreeing to the judgment, the parties also agreed that the trial court "specifically *retains* jurisdiction over this case and the parties for the purpose of *assuring compliance* with the executory provisions of this judgment and *reserves the right* to make such other and further orders as necessary to implement them." (Emphasis added). In other words, the parties effectively consented to the Ionia Circuit

---

[3] Unpublished opinions are not binding on this Court, but they may be considered for their instructive or persuasive value. *Cox v Hartman*, 322 Mich App 292, 307; 911 NW2d 219 (2017).

Court's authority over enforcement or other postjudgment proceedings regardless of what this Court holds.[4]

Third, the venue issue now presents an abstract question of law. See *Gleason*, 323 Mich App at 315. The issue on appeal would require this court to interpret MCL 600.1621 and MCL 552.9(1) to determine whether the trial court clearly erred by denying defendant's motion to transfer venue, which he filed contemporaneously with his answer to the complaint. But given the entry of the consent judgment of divorce, that issue is no longer of any moment as it relates to this case. Moreover, after a trial court grants a judgment of divorce, a transfer of venue is governed by MCR 3.212, which neither party has addressed on appeal. Defendant requests that we transfer the case to Newaygo County, but we are not in a position to grant what is now effectively postjudgment request to transfer venue without properly addressing the requirements for such transfers under MCR 3.212.[5] The procedural rights underlying a transfer of venue have changed, rendering the issue on appeal nothing more than a thought experiment. Such abstract questions of law are moot.

Furthermore, the limited exception to the doctrine of mootness does not apply because the venue issue will not evade judicial review. See *Gleason*, 323 Mich App at 315. Either the trial

---

[4] We note that the postjudgment-enforcement provision of the consent judgment is partially unenforceable because it conflicts with the plain language of MCL 600.1021(1)(a), which states that "the family division of *circuit court* has *sole and exclusive* jurisdiction" over divorce cases that "commenced on or after January 1, 1998." (Emphasis added). Therefore, enforcement proceedings could *not* be brought in the District Court of Ionia because district courts lack jurisdiction over divorce cases. A contractual provision is unenforceable if it conflicts with the plain language of a statute or otherwise violates the law or public policy. *Smitham v State Farm Fire & Cas Co*, 297 Mich App 537, 549-550; 824 NW2d 601 (2012).

[5] Under MCR 3.212(B)(1), a party's postjudgment motion to transfer venue may be granted only if all four of these conditions are met:

>    (a) the transfer of the action is requested on the basis of the residence and convenience of the parties, or other good cause consistent with the best interests of the child;
>
>    (b) neither party nor the court-ordered custodian has resided in the county of current jurisdiction for at least 6 months prior to the filing of the motion;
>
>    (c) at least one party or the court-ordered custodian has resided in the county to which the transfer is requested for at least 6 months prior to the filing of the motion; and
>
>    (d) the county to which the transfer is requested is not contiguous to the county of the current jurisdiction.

Naturally, the trial court did not make these findings when it considered defendant's prejudgment motion to transfer venue.

court or this Court may enter an order staying trial-court proceedings pending the outcome of an appeal. MCR 7.209. Rather than moving to stay the proceedings in this case, the parties rendered this appeal moot by consenting to a judgment of divorce that effectively resolved the venue issue. A similarly situated party who is successful in staying proceedings or willing to proceed through trial could bring the same issue to us in the future.

For these reasons, we dismiss this appeal as moot.

/s/ Thomas C. Cameron
/s/ Mark T. Boonstra
/s/ Brock A. Swartzle